Joe BUTLER, Appellant,

v.

STATE BOARD OF EDUCATION et al., Appellees.

No. 1445.

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1979.

Rehearing Denied June 7, 1979.

Sam A. Westergren, Jr., Corpus Christi, for appellant.

Richard E. Flint, Gary, Thomasson, Hall & Marks, Corpus Christi, Martha Allan, Asst. Atty. Gen., Austin, for appellees.

## OPINION

BISSETT, Justice.

The question to be resolved in this case is whether judicial review of an order made by the State Board of Education after the effective date of Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1978), known as the "Administrative Procedure and Texas Register Act,"[1] is controlled by the Act, or if such review controlled by Tex.Educ.Code Ann. § 13.115 (1972).

Joe Butler, a former teacher in the Corpus Christi Independent School District, plaintiff in the trial court and appellant in this Court, sought judicial review of an order issued by the State Board of Education. The defendants are the State Board of Education (the "Board"), the Commissioner of Education (the "Commissioner") and the Corpus Christi Independent School District (the "School District"). Suit was filed in the District Court of Nueces County, Texas, on December 12, 1977. It was dismissed by the trial court on September 10, 1978, for want of jurisdiction. Joe Butler, plaintiff, has appealed.

Two points of error are presented. First, Butler contends that art. 6252–13a does not apply to this case since his cause of action arose on October 28, 1975, which was before the effective date of the Act, and to apply the requirements of the Act to his appeal would result in a retroactive application of the Act, and would impose a duty on him which did not exist prior to the effective date of the Act. Second, he also contends that even if the Act does apply to the action brought by him, there was no duty to file a motion for rehearing with the Board within 15 days after the order was made because the order was not a final order as defined in the Act. He argues, in effect, that his appeal from the ruling by the Board is governed by the provisions of Tex.Educ. Code Ann. § 13.115 (1972), which does not require the filing of a motion for rehearing with the Board as a prerequisite to the filing of suit in a district court for a trial.

Butler, who held a probationary teaching contract with the School District, experienced difficulties with the school authorities during the scholastic year 1974–1975. He pled that his contract was wrongfully terminated in September, 1975, and that he

1. The Administrative Procedure and Texas Register Act will be referred to in this opinion as the "Act."

sought relief, beginning with a hearing before the Board of Trustees of the School District. This decision, which was adverse to him, was affirmed by both the Commissioner and the Board.

Apparently, Butler was notified on October 28, 1975, that his contract would be terminated. A hearing before the School District's Board of Trustees on such termination was held on May 17, 1976, following which the School District terminated his contract, effective October 28, 1975. Butler appealed to the Commissioner, who by written order signed on September 4, 1977, affirmed the decision of the School District. Butler then appealed to the Board, which, by order signed on November 12, 1977, affirmed the order made by the Commissioner. Butler did not file a motion for rehearing with the Board.

The Act became effective January 1, 1976. The provisions of the Act, in pertinent part, are:

"Sec. 16(b) A final decision must include findings of fact and conclusions of law, separately stated . . . ."

\* \* \* \* \* \*

"Sec. 16(c) A decision is final, in the absence of a timely motion for rehearing, on the expiration of the period for filing a motion for rehearing, and is final and appealable on the date of rendition of the order overruling the motion for rehearing, or on the date the motion is overruled by operation of law. . . ."

\* \* \* \* \* \*

"Sec. 16(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order. . . ."

\* \* \* \* \* \*

"Sec. 19(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by statute. . . ."

The exceptions contained in Subsection (c) of Section 16 of the Act are not involved in this appeal.

The Commissioner's order, entitled "FINAL ORDER," and signed on September 4, 1977, includes findings of fact and conclusions of law, separately stated. The word "respondent" as used in the findings refers to the School District. The findings and conclusions pertinent to the disposition of this appeal read:

### "FINDINGS OF FACT

"7. On October 28, 1975, respondent undertook to terminate petitioner's teaching contract on the basis of his repeated failure to comply with official directives and established board policy and his repeated and continuing neglect of duties.

8. On May 17, 1976, petitioner was given a hearing before respondent, prior to which he had been informed of the grounds for termination of his contract and at which he was given the opportunity to challenge the sufficiency of those grounds.

9. Following the hearing, respondent terminated petitioner's contract effective October 28, 1975."

### "CONCLUSIONS OF LAW

After due consideration of the foregoing findings of fact, in my capacity as State Commissioner of Education, I make the following conclusions of law:

\* \* \* \* \* \*

2. Petitioner's erroneous and improper inventories, his failure to return the typewriter and tape recorder on May 30, 1975, and his retention of these items for three months thereafter did constitute repeated and continuing neglect of duties within the meaning of Section 13.109, Texas Education Code.

3. Petitioner's repeated and continuing neglect of duties, considered in light

of the circumstances under which he was reverted from continuing to probationary contract status, constituted adequate cause for the termination of his probationary teaching contract."

The order made by the State Board, omitting the formal parts, and signed on November 12, 1977, reads:

"ORDER

BE IT KNOWN that on the 12th day of November, 1977, came on to be heard the appeal of the Petitioner in the above captioned cause, and, after due consideration to the record and arguments of counsel, upon a voice vote, it is hereby

ORDERED that this appeal is in all things DENIED, and the FINAL ORDER of the State Commissioner of Education entered September 6, 1977, is AFFIRMED and adopted as the order of this Board."

The record clearly shows that this is an appeal from the Board's order and is not a direct attack on the order. The Act recites that the purpose of its enactment was to provide a "uniform practice and procedure for state agencies." The repeal clause further provides that all laws and parts of laws in conflict with the Act are repealed. Prior to the enactment of the Act, provisions for appeal were included in practically all laws regulating the several state agencies. Thus, it appears that the legislature clearly intended to supersede the appeal provisions of the different statutes concerning appeals from most of the state agencies, and to initiate a uniform practice and procedure governing appeals from the agencies. For comprehensive discussions relating to the legislative intent in enacting the Act in 1975, see *Imperial Am. Resources Fund v. R. R. Com'n of Tex.*, 557 S.W.2d 280 (Tex.1977), and *Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104 (Tex. Civ.App.—Tyler 1977, no writ). The Act applies to the Texas Education Agency.

The Act is clearly a procedural act. It is settled that a litigant has no vested right in a procedural remedy set out in a procedural statute, and that the legislature may make changes applicable at any time and at any stage in the litigation which is affected by the procedural statute. *Merchants Fast Motor Lines v. Railroad Com'n*, 573 S.W.2d 502 (Tex.1978); *Phil H. Pierce Co. v. Watkins*, 114 Tex. 153, 263 S.W. 905 (1924). The issues here involved do not affect any vested rights of Butler under his contract, even though he insists that the determination of his vested right commenced on October 18, 1975, which was prior to the effective date of the Act. The appeal is not from a suit concerning his contractual rights as such, but is an appeal from the order of the Board, an administrative arm of the Texas Education Agency. Under the undisputed evidence in this case, all of the hearings before the several administrative entities, the School District, the Commissioner, and the Board, were had after January 1, 1976. These hearings were part of the administrative process, and were required to be held and conducted before Butler could resort to the courts. The fact that Butler's contract was, in effect, terminated on October 18, 1975, had no bearing on his pursuit of the administrative remedies available to him on the dates that the administrative hearings were held. An administrative order is reviewable by a court under the law applicable at the time the order is made. *Merchants Fast Motor Lines v. R. R. Com'n of Tex.*, supra.

We hold that judicial review of the order made by the Board on November 12, 1977, is controlled by the Act, and is not controlled by Tex.Educ.Code Ann. § 13.115 (1972). Butler's first point is overruled.

The statutory provisions regulating an appeal from an order of an administrative agency are mandatory and exclusive and must be complied with in all respects as a prerequisite for judicial review. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (Tex.1926). The procedure for appeal prescribed by the Act is also mandatory and jurisdictional, and cannot be waived. *Navarro Independent School Dist. v. Brockette*, 566 S.W.2d 699 (Tex.Civ.App.—Austin 1978, no writ); *Moore v. Texas Employ-*

*ment Commission,* 565 S.W.2d 246 (Tex.Civ. App.—Houston [14th Dist.] 1978, no writ); *Tex. Alcoholic Bev. Commission v. Lancaster,* 563 S.W.2d 380 (Tex.Civ.App.—San Antonio 1978, no writ); *Hurlbut v. State Board of Insurance,* 555 S.W.2d 180 (Tex. Civ.App.—Austin 1977, no writ); *Texas State Board of Pharmacy v. Kittman,* supra.

Sec. 16(b) of the Act provides that a final decision must include findings of fact and conclusions of law, separately stated. This requirement was met when the order of the Board expressly adopted the final order of the Commissioner as part of its order. *Auto Convoy Co. v. Railroad Commission of Texas,* 507 S.W.2d 718 (Tex. 1974); *Imperial Am. Resources Fund v. R. R. Com'n of Tex.,* supra.

Sec. 16(e) of the Act states that a motion for rehearing is a prerequisite to appeal. That section further recites that a motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order.

In cases involving procedural remedies, the applicant must exhaust all administrative remedies before resorting to the courts. *Public Utility Com'n v. City of Corpus Christi,* 555 S.W.2d 509 (Tex.Civ. App.—Waco 1977, writ ref'd n. r. e.). Butler did not file a motion for rehearing with the Board; therefore, the order promulgated by the Board on November 12, 1977, became final 15 days thereafter. The filing of a motion for rehearing, being required by statute as a prerequisite to appeal, and being part of the administrative process, is mandatory in order for the complainant to exhaust, "all administrative remedies within the agency" before he "is entitled to a judicial review" under the Act. Since Butler did not exhaust all administrative remedies available to him within the Texas Education Agency prior to his filing suit in the district court for a judicial review of the Board's order, the trial court did not acquire jurisdiction of the cause. The dismissal for want of jurisdiction was proper. Butler's second point is overruled.

The judgment of the trial court is AFFIRMED.