**GODLEY INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Dan C. WOODS, Appellee.**

No. 10–99–317–CV.

Court of Appeals of Texas, Waco.

June 7, 2000.

Suzanne Becker, Schwartz & Eichelbaum, P.C., Austin, for appellant.

Andrew L. Wambsganss, Kristina M. Kennedy, Brown, Thompson, Pruitt & Peterson, P.C., Fort Worth, for appellee.

Before Chief Justice DAVIS Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

Dan Woods sued Godley Independent School District (GISD), claiming a breach of his teaching employment contract. Via a plea to the jurisdiction, GISD asked the trial court to dismiss the action, alleging that Woods had not pled that he exhausted his administrative remedies. When the court refused to do so, GISD brought this interlocutory appeal. We conclude that where the petition fails to affirmatively establish the court's jurisdiction but could conceivably be amended to establish jurisdiction, a party must attack the pleadings by special exception before seeking to have the suit dismissed for want of jurisdiction. We affirm the trial court's order because GISD did not first file and obtain a ruling on special exceptions to Woods' petition.

Woods filed suit against GISD on July 22, 1997, claiming that GISD breached his teaching employment contract by failing to reimburse expenses he incurred in attending the Texas Bandmasters Association Meeting and Convention in July 1997, and by withholding wages and retirement contributions for days he was authorized to be absent from work on discretionary personal leave. Woods did not plead that he had exhausted the available administrative remedies or facts which would support a conclusion that he had done so or an exception to the exhaustion requirement. In its original answer, filed on August 7, 1997, GISD generally denied all of Woods' allegations and claimed that his suit was

barred by his failure to exhaust the administrative remedies available to resolve his complaints. GISD filed a plea to the jurisdiction on June 24, 1999, asking the district court to dismiss Woods' claims because he had not alleged nor shown that he had exhausted his administrative remedies. The court conducted a hearing on GISD's plea on August 11, 1999, and denied the request on September 9, 1999. This appeal followed, with GISD again arguing that Woods' suit should be dismissed for want of jurisdiction because he has failed to claim or show that he exhausted the administrative remedies available to resolve his dispute. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2000); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex.App.—Austin 1998, no pet.).

■■■ A plea to the jurisdiction urges that the court lacks the power to determine the subject matter of the suit. *City of Cleburne v. Trussell*, 10 S.W.3d 407, 410 (Tex.App.—Waco 2000, no pet.); *Bland Indep. Sch. Dist. v. Blue*, 989 S.W.2d 441, 445 (Tex.App.—Dallas 1999, pet. granted). The plaintiff must plead facts which affirmatively show that the trial court has jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, the court must take the allegations in the petition as true and must construe them liberally in favor of the plaintiff when ruling on the plea. *Id.; Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996); *Texas Dep't of Mental Health and Mental Retardation v. Pearce*,

16 S.W.3d 456, 459–60 (Tex.App.—Waco, 2000, no pet. h.); *Trussell*, 10 S.W.3d at 409; *Blue*, 989 S.W.2d at 446, 447. If the facts alleged fail to establish the trial court's jurisdiction, the plaintiff should be allowed the opportunity to amend the petition. *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Blue*, 989 S.W.2d at 446. However, the court can dismiss the claim without allowing the opportunity to amend if it can determine that no claim within the court's jurisdiction can be stated consistent with the facts alleged. *City of Saginaw v. Carter*, 996 S.W.2d 1, 3 (Tex.App.—Fort Worth 1999, pet. filed); *Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex.App.—Corpus Christi 1995, no writ). Stated another way, "the trial court must allow a plaintiff the opportunity to amend its pleadings to cure a jurisdictional defect so long as the plaintiff has not affirmatively pled itself out of court[.]" *Ramirez*, 900 S.W.2d at 906.

■■■ Because jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction *de novo*, applying the same standards that the trial court applies. *City of Saginaw*, 996 S.W.2d at 2; *Blue*, 989 S.W.2d at 446. We apply the *de novo* standard to both the granting of a plea to the jurisdiction and to the denial of such a plea. *See City of Houston v. Morua*, 982 S.W.2d 126, 127 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

■■■ A plea to the jurisdiction may be an appropriate vehicle for raising a failure-to-exhaust-administrative-remedies challenge to the plaintiff's suit.[1] *Grounds v. Tolar*

---

1. The doctrine of exhaustion of administrative remedies as a prerequisite to resorting to court has been part of Texas statutory school law since before 1900. *Nance v. Johnson*, 84 Tex. 401, 19 S.W. 559 (1892); *Plummer v. Gholson*, 44 S.W. 1 (Tex.Civ.App.1898). In the modern era, this requirement has been recognized as flowing from the fact that the right to bring a breach of an employment contract action against a school district is controlled by statute:

The Legislature creates rules and regulations for administrative agencies and proce-

dures for obtaining judicial review of their decisions. *Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers*, 706 S.W.2d 644 (1986) [other cite omitted]. When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable, for lack of jurisdiction. *Saida II*, at 646; *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Butler v. State Board of Education*,

*Indep. Sch. Dist.*, 707 S.W.2d 889, 893 (Tex.1986). Subject to certain exceptions, Texas law requires a party whose claim concerns the administration of school laws and involves disputed fact issues to exhaust the statutorily provided administrative remedies with the Commissioner of Education before turning to the courts for relief. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex.1992); *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 201 (Tex.App.—Waco 1998), *rev'd on other grounds*, 22 S.W.3d 849 (Tex.2000); *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323 (Tex.App.—Houston [1st Dist.] 1997, writ denied). Although we are unable to determine the nature of Woods' contract with GISD,[2] Woods has alleged that he signed a "teaching contract" with the district.[3] Contracts between teachers and

581 S.W.2d 751, 754 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

*Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891–92 (Tex.1986). However, on February 10, 2000, the Texas Supreme Court overruled *Mingus v. Wadley*, holding:

Although *Mingus* represented the dominant approach when it was decided, "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." [citations omitted]. We therefore overrule *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional. The trial court in this case had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed in former [Civil Practice and Remedies Code] section 71.031(a). Thus, while defendants in this Court and the Kazis in the court of appeals framed their argument in terms of whether the district court did or did not have subject-matter jurisdiction, we consider those arguments in the context of whether the Kazis established their right under the statute to go forward with this suit. "The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it." C.J.S. Courts § 16, at 23 (1990).

*Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000).

At first blush, this holding in *Dubai Petroleum* appears to represent a sea change in the way we should analyze the issues here. The present case is simply a breach of contract claim alleging damages in excess of $500, a claim that would fall within the constitutional jurisdiction of the district court. The policy reasons the Supreme Court looked to when overruling *Mingus* are present in cases in which the doctrine of exhaustion of administrative remedies applies, given that the doctrine is not absolute but is subject to a number of exceptions, all of which may be susceptible to "a good-faith mistake in interpreting the law" at trial and on appeal. *Id.; see, e.g., Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 201 (Tex.App.—Waco 1998), *rev'd on other grounds*, 22 S.W.3d 849 (Tex. 2000) (listing four exceptions to the exhaustion doctrine); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied) (listing six exceptions proposed by plaintiff).

We decline, though, to apply this interpretation of *Dubai Petroleum* to this case for several reasons. First, and most importantly, it is unnecessary. We determine that the trial court did not err for reasons which do not depend upon the continued viability of the use of a plea to the jurisdiction to raise an exhaustion of administrative remedies issue. Secondly, we have not had the benefit of the parties' briefing on this issue because *Dubai Petroleum* was decided after the parties submitted their briefs. Thirdly, we do not believe that the Supreme Court would interpret *Dubai Petroleum* to effect such a change in our procedures. If the Court intends to do so, it has cases before it which may be suitable vehicles for such a decision. *See, e.g., Bland Indep. Sch. Dist. v. Blue*, 989 S.W.2d 441 (Tex.App.—Dallas 1999, pet. granted). Therefore, although we note the possibility that *Dubai Petroleum* may apply to this case, we do not base our decision on it.

2. Under the Education Code, teaching contracts fall into three categories: probationary, continuing, and term. Tex. Educ.Code. Ann. § 21.002(a) (Vernon 1996). Each of the different types of contract carries different statutory rights and privileges. *See id.* §§ 21.101–.106 (probationary contract), 21.151–.160 (continuing contract), 21.201–.213 (term contract) (Vernon 1996 & Supp.2000).

3. Woods attached a document entitled "Godley Independent School District Dual Assignment One–Year Term Contract" as an appendix to his brief. However, this document

school districts are regulated by the terms of the Education Code. TEX. EDUC.CODE ANN. §§ 21.002, 21.101–.106, 21.151–.160, 21.201–.213 (Vernon 1996 & Supp.2000). Additionally, there are fact issues at stake in the controversy because Woods claims that GISD made certain representations as to the performance of his contract and that he complied with the district's requirements to take his personal leave, assertions that GISD has controverted by its general denial.

■ Woods' claims as to the withholding of his wages and retirement contributions could be construed to allege that the district wrongfully suspended him without pay, a claim that specifically falls under the administrative procedures of the Education Code. *Id.* § 21.251(a)(3) (Vernon 1996). If his petition were construed in this way, the district court in Johnson County would have jurisdiction over an appeal from the decision of the Commissioner of Education. *Id.* § 21.307(a)(1) (Vernon 1996). Because such a construction would result in a possibility that Woods could establish the jurisdiction of the trial court, we must give his pleadings that construction.[4] *Texas Ass'n of Bus.,* 852 S.W.2d at 446. Under any construction, though, Woods' petition plainly involves the administration of school laws and disputed fact issues. Thus, he was required to exhaust the administrative remedies provided by the Education Code before he could look to the courts for relief.[5] TEX. EDUC.CODE. ANN. §§ 7.057(a),

21.255, 21.258, 21.301, 21.307 (Vernon 1996); *Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d at 90; *Gibson,* 971 S.W.2d at 200–01; *Janik,* 961 S.W.2d at 323. The issue becomes, then, whether the trial court should have dismissed this proceeding in the posture it now occupies and on the pleadings as they now stand.

Before the court could dismiss this suit without giving Woods an opportunity to amend his petition it must have determined that it was impossible for Woods to amend his pleadings in such a way as to confer jurisdiction on the court. *City of Saginaw,* 996 S.W.2d at 3; *Ramirez,* 900 S.W.2d at 906. However, as we have shown, Woods may be able to amend his pleadings to assert that he has exhausted his administrative remedies, if in fact he has, which would have the effect of establishing the court's jurisdiction. Thus, an amendment which would show the court's jurisdiction is not impossible in this case.

■ Because Woods may be able to amend his petition to establish the court's jurisdiction, he was entitled to an opportunity to do so before the plea to the jurisdiction could be granted. *Id.* GISD, as the opposing party, had the burden of prompting the court to alert Woods to his pleading defect. A special exception is the proper vehicle to challenge a pleading on the basis that "though there is a legal rule which might be applicable, the petition omits one or more allegations essential to bring plaintiff's claim within its scope[.]" *Fernandez v. City of El Paso,* 876 S.W.2d

does not appear anywhere in the record. Therefore, we cannot consider it. *Till v. Thomas,* 10 S.W.3d 730, 733 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Furthermore, the contract refers to a probationary period of the type provided for in the Education Code. TEX. EDUC.CODE ANN. § 21.102. Even if we could consider the document, we cannot determine the type of contact under which Woods was employed without further information.

4. As opposed to a construction in which Woods is complaining of an "action[ ] or decision[ ] of [a] school district board of trustees

that violate[s] … a provision of a written employment contract between the school district and a school district employee [where the] violation causes … monetary harm to the employee." TEX. EDUC.CODE ANN. § 7.057(a)(2)(B) (Vernon 1996). In such a case, the appeal from the Commissioner of Education would be to a district court in Travis County. *Id.* § 7.057(d).

5. Whether *Dubai Petroleum* changes the procedural ramifications of a failure to exhaust administrative remedies does not change the requirement that an individual exhaust those remedies before he may succeed in court.

370, 372 (Tex.App.—El Paso 1993, writ denied) (citing 2 McDonald, Texas Civil Practice § 9:25 (1992)). Thus, the special exception is the method by which the opposing party triggers the court's duty to give a party the opportunity to amend to state a claim within the court's jurisdiction. "If and when those special exceptions are heard and granted, and if and when the plaintiff does not adequately amend, then the suit can be properly dismissed." *Barto Watson, Inc. v. City of Houston*, 998 S.W.2d 637, 640 (Tex.App.—Houston [1st Dist.] 1999, pet. denied); *see also Washington v. Fort Bend Indep. Sch. Dist.*, 892 S.W.2d 156, 159 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

 Thus, a party who is faced with a pleading that it believes does not confer jurisdiction on the court in which it is filed has two choices. If, after analyzing the petition, the opposing party believes that the pleading party cannot amend the petition to show jurisdiction under any circumstances, it may file a plea to the jurisdiction. If that position is correct, the plea should be granted.[6] If, on the other hand, the petition is susceptible to amendment to show the court's jurisdiction, the opposing party should file a special exception and obtain an order to amend. If the pleading party fails or refuses to amend or if the opposing party still believes that the pleading does not confer jurisdiction on the court, a plea to the jurisdiction may be filed.[7]

Woods could amend his petition to show that the trial court has jurisdiction over this action. GISD did not challenge his pleadings by special exception before asking the court to dismiss his claims for want of jurisdiction. Thus, the court did not err in denying the plea to its jurisdiction, and we affirm its order doing so.

Justice GRAY, dissenting opinion.

TOM GRAY, Justice, dissenting.

Let us make it less difficult and less expensive to either get to a disposition on the merits or dispose of cases that will never be reached on the merits. Because this case unnecessarily creates yet another procedural barrier to a quick and efficient resolution of a case, I respectfully dissent.

Woods is a school teacher. He sued Godley Independent School District for various claims all stemming from his relationship with Godley. "Under any construction, though, Woods' petition plainly involves the administration of school laws and disputed fact issues. Thus he was required to exhaust the administrative remedies provided by the Education Code before he could look to the courts for relief. Tex. Educ.Code. Ann. §§ 7.057(a), 21.255, 21.258, 21.301 ..." Maj. Op. at 660.

The question the majority chose to decide is whether Godley must challenge Woods's failure to plead facts sufficient to show the trial court has jurisdiction by special exception before it challenges the trial court's jurisdiction by a plea to the jurisdiction. The majority holds that a special exception is required first. In this manner the majority holds that every plea to the jurisdiction asserting the plaintiff has failed to exhaust administrative remedies should be denied by the trial court if it could, in theory, be cured by additional pleadings, unless a special exception has been filed, and an amendment ordered. I find that this would frustrate the legislative purpose of allowing interlocutory appeals from pleas to the jurisdiction by governmental entities. Tex. Civ. Prac. &

---

6. If the court disagrees about the susceptibility of the petition to amendment, it may withhold a ruling on the plea to the jurisdiction and require an amended pleading without the necessity of a special exception.

7. In either event, an opposing party which is a governmental unit will have a ruling from which it can appeal under Section 51.014 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2000).

REM.CODE ANN. § 51.014(8). While there may be nothing inherently wrong with attempting to clarify the plaintiff's pleadings by special exceptions, the legislature did not require it, nor would I.

The majority bases their holding on the concept that a plaintiff must be given the opportunity to amend any defect in pleadings that could, in theory, be cured. Maj. Op. at 8. The phrase "in theory" is used because the plea to the jurisdiction must be decided based upon the allegations as contained in the plaintiff's pleadings. *City of Cleburne v. Trussell*, 10 S.W.3d 407 (Tex.App.—Waco 2000, no pet. h.). The plea to the jurisdiction should not be an evidentiary hearing, and the trial court does not resort to hearing evidence to resolve it. *Bland Indep. Sch. Dist. v. Blue*, 989 S.W.2d 441 (Tex.App.—Dallas 1999, pet. granted). *Bland* contains an excellent discussion of the nature of the hearing and the limited circumstances in which the trial court is to look beyond the pleadings. The issue to resolve at the hearing on the plea to the jurisdiction is a simple matter of whether the plaintiff has either: (1) affirmatively plead himself out of court; or (2) whether he has failed to pled himself within the jurisdiction of the court after an opportunity to amend.

While the majority's reliance on the need to allow the plaintiff an opportunity to amend is based on a proper concept of the law, this concept does not mean that a special exception is the only way to put a party on notice of a possible pleading defect and the need to cure it. When the Supreme Court memorialized the requirement that the plaintiff facing a plea to the jurisdiction, must have the opportunity to amend their pleadings to meet the complaint, they cited to the supplemental pleading rule, not the rule regarding special exceptions. *Texas Assoc. of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); TEX.R. CIV. P. 80; TEX.R. CIV. P. 91. The rule cited by the Supreme Court in *Texas Association of Business*, provides that the plaintiff's supplemental petition may contain "... the allegations of new matter not before alleged by him, in reply to those which have been alleged by the defendant." TEX.R. CIV. P. 80. If the Supreme Court had intended to require a special exception, the new allegations would necessarily appear in an amended petition and the rules regarding special exceptions and amending pleadings would have been the ones cited. TEX.R. CIV. P. 91; TEX.R. CIV. P. 62–65.

Furthermore, in *Grounds*, the Supreme Court specifically noted that the preferred method of bringing the challenge was by a plea to the jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 893 (Tex.1986). Additionally, it is clear that if the trial court denied the plaintiff an opportunity to amend, or failed to consider an amended or supplemental pleading, it would be error. *Ramirez v. Lyford Consol. Sch. Dist.*, 900 S.W.2d 902 (Tex.App.—Corpus Christi 1995, no writ). In *Ramirez*, the trial court granted a plea to the jurisdiction the day after it was filed. The Corpus Christi Court held: "Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment." *Id.* The Court did not say the opportunity to amend had to be by special exception. It seems that either a supplemental pleading or an amendment would be appropriate in response to an answer asserting that the plaintiff had failed to exhaust administrative remedies before filing suit.

## THE OPPORTUNITY TO "AMEND" IN THIS CASE

In this case, Godley filed its answer on August 7, 1997 asserting a lack of jurisdiction because Woods failed to exhaust his administrative remedies. This answer, alerting Woods to his pleading defect, had been on file for over 21 months when Godley filed a plea to the jurisdiction on June 24, 1999. In fact, the case had been

on file for so long with no action, that a notice of dismissal for want of prosecution had been sent to the parties. In the face of the plea to the jurisdiction, Woods still refused to supplement or amend his pleading to correct for his failure to plead that he had exhausted his administrative remedies or that for some reason he was not required to exhaust them. Woods simply chose to stand on his existing pleadings, which, at that stage, was procedurally similar to the situation when a special exception has been granted but no amendment filed.

After almost two months to amend his pleading in direct response to the plea to the jurisdiction, on August 11, 1999 a hearing on Godley's plea in abatement was held. The plea was denied by a written order signed on October 7, 1999. From this denial the legislature has authorized a direct appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 151.014(8) (Vernon Supp.2000).

## APPLICATION

Woods had over 2 years to supplement or amend his pleadings after Godley's answer was filed challenging the court's authority to hear the case because of Woods's failure to exhaust administrative remedies. He had almost 2 months to supplement or amend his pleading after the plea was filed. This is ample opportunity to supplement or amend. Woods elected to stand on his pleadings. Having failed to allege he had exhausted his administrative remedies, or in the alternative, allege a reason he was not required to exhaust such remedies, the plea to the jurisdiction should have been granted and the suit dismissed.

If Godley is required to file a special exception before the plea to the jurisdiction, and if the trial court denies the special exception, like he did the plea to the jurisdiction, Godley will be denied the ability to bring an interlocutory appeal as specifically authorized by the legislature. At the very least Godley will be substantially delayed by the additional procedure

requiring a special exception to be prepared and filed, heard by the court, order prepared and filed and then waiting for an amendment to determine if the amended pleading is adequate before filing another special exception to the amended pleading or a plea to the jurisdiction. This is a needless use of litigation resources when Woods had ample opportunity to amend his allegations.

## BUT IS IT REALLY JURISDICTIONAL?

For some claims of failure to exhaust administrative remedies it is critical to distinguish what the claim is because the nature of the administrative remedy frequently controls which court will have jurisdiction to review the administrative decision. *Cornyn v. County of Hill,* 10 S.W.3d 424 (Tex.App.—Waco 2000, no pet. h.). If review of the administrative decision would necessarily have to occur in a Travis County district court, a suit filed in any other court, with or without exhausting administrative remedies, would be subject to a plea to the jurisdiction. As the majority takes great pains to point out, some of Woods's claims could be brought in a district court in Johnson County, if he had actually exhausted his administrative remedies.

I agree with the concern of the majority regarding the effect of *Dubai* in this situation. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000); Maj. Op. at 658-59, n. 1. The rational of *Dubai* is that if the problem could be cured by an amendment, the problem is not one of jurisdiction, only of pleadings. If the rational of *Dubai* applies to governmental entities asserting a plea to the jurisdiction based upon a failure to plead exhaustion of administrative remedies which could conceivably be cured by amendment, the failure is simply a pleading defect and can never be challenged by a plea to the jurisdiction, before or after a special exception. Based upon that logic, the ruling against Godley is correct and would be affirmed.

To preserve for governmental entities the legislatively created ability to utilize an interlocutory appeal of a ruling on a plea to the jurisdiction in this type case, I would not extend *Dubai* to a governmental entity. Otherwise, there is no reason that the holding in *Dubai* would not be dispositive of this entire appeal. Nor is *Dubai* limited to pleading defects about exhausting administrative remedies that could be cured by amendment. In its broadest application, *Dubai* would apply to any situation in which the most liberal construction of the pleadings could conceivably give the trial court jurisdiction of some claim the plaintiff could make against the defendant. The ability to collaterally attack an otherwise valid judgment on jurisdictional grounds was the problem *Dubai* was supposed to cure. It may have the unintended effect of negating legislative intent and trampling several of the ways that parties have traditionally disposed of frivolous suits.