THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER AT DALLAS, Appellant,

v.

Donna LOUTZENHISER, as Next Friend of Stephen Luke Loutzenhiser, Appellee.

No. 05–02–00143–CV.

Court of Appeals of Texas, Dallas.

July 17, 2002.

Rehearing Overruled Aug. 26, 2002.

Publication Ordered July 9, 2004.

Nelly R. Herrera, Asst. Atty. Gen., Tort Litigation Division, Austin, for appellant.

Michael R. Mitchell, Mitchell, Goss & Mitchell, Dallas, Thomas H. Bleakley, Law Office of Thomas H. Bleakley, Grosse Pointe Farms, MI, for appellee.

Before Justices KINKEADE, JAMES, and MOSELEY.

## MEMORANDUM OPINION

Opinion By Justice KINKEADE.

In this interlocutory appeal, The University of Texas Southwestern Medical Center at Dallas ("UT Southwestern") appeals the trial court's denial of its "plea to the jurisdiction" in a lawsuit filed by Donna Loutzenhiser, as next friend of Stephen Luke Loutzenhiser, alleging that a prenatal procedure performed at UT Southwestern caused birth defects to her son. In three issues, UT Southwestern contends Loutzenhiser failed to comply with the notice requirements of the Texas Tort Claims Act ("the Act") and failed to allege and prove a waiver of sovereign immunity under the Act. UT Southwestern further alleged that it did not waive its plea to the jurisdiction. After reviewing UT Southwestern's issues, we conclude all dispositive issues are clearly settled in law. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.1. The factual nature of the case, as well as its procedural history, pleadings, and evidence are known to the parties. Therefore, we do not recount these matters.

■ In UT Southwestern's first issue, it contends the trial court was without jurisdiction over Loutzenhiser's case because she failed to comply with the notice requirement of the Act. Acknowledging that this Court has previously held failure to comply with the notice requirement of the Act is not jurisdictional, *see Stanton v. University of Health Sciences Center at Dallas,* 997 S.W.2d 628, 629 (Tex.App.-Dallas 1998, pet. denied) (citing *Essenburg v. Dallas,* 988 S.W.2d 188, 188 (Tex.1998)), UT Southwestern nonetheless argues that this opinion has "been rejected by other appellate courts." We decline to overrule *Stanton,* and hold that the failure, if any, of Loutzenhiser to comply with the notice provisions of the Act does not deprive the trial court of jurisdiction. *See Stanton,* 997 S.W.2d at 629.

■ In its second issue, UT Southwestern contends Loutzenhiser failed to allege a waiver of sovereign immunity under the Act because her pleadings did not specifically allege the use of tangible personal property, and thus, the jurisdictional requirements of the Act have not been met. We disagree. In this case, the trial court specifically noted "[a]ll parties to the case know and have known that the plaintiffs' theory of the case has been that the insertion of [the] needle and performance of the CVS procedure caused the minor plaintiff[s] birth defects." As long as the plaintiff has not affirmatively pled herself out of court, the trial court must allow the opportunity to amend the pleadings to cure a jurisdictional defect. *Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 658 (Tex.App.-Waco 2000, pet. denied); *see also Washington v. Fort Bend Indep. Sch. Dist.,* 892 S.W.2d 156, 159 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Here, the trial court treated UT Southwestern's complaint as a special exception, giving Loutzenhiser the opportunity to cure the obvious defect. We conclude the trial

court did not err in allowing her the opportunity to amend her pleadings.

We conclude the trial court did not err in denying UT Southwestern's "so-called plea to the jurisdiction." Because of our disposition of the first two issues, we need not address UT Southwestern's third issue. We affirm the trial court's judgment.