Opinion filed November 9, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00013-CV 

                                                     __________

 

                                        HELEN
O=NEAL, Appellant

 

                                                             V.

 

          ECTOR COUNTY INDEPENDENT
 SCHOOL DISTRICT,
Appellee

 



 

                                         On
Appeal from the 161st District Court 

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. B-119,123

 



 

                                                                   O
P I N I O N

            Helen O=Neal
appeals from the trial court=s
granting of Ector
 County Independent
 School District=s plea to the jurisdiction.  We affirm. 

Background Facts 








O=Neal
was employed by Ector
 County Independent
 School District as a
teacher  under a term contract for two
years.  In addition to her teaching
duties, she was paid a stipend each year to perform additional duties as a
coach.  In March 2001, O=Neal was given notice of the decision
to terminate her from her coaching duties. 
O=Neal
filed a grievance with the principal at the school where she was employed which
was denied for being untimely filed.  She
appealed the principal=s
decision to the Board of Trustees.  The
Board upheld the principal=s
decision.  O=Neal
appealed the Board=s
decision to the Commissioner of Education. 
The Commissioner held that O=Neal=s appeal should be dismissed for
failure to exhaust local remedies and for mootness.  O=Neal
appealed the Commissioner=s
decision to the district court in Travis
 County.  The district court reversed the Commissioner=s decision.  The district court held O=Neal=s
contracts were unified and that the provisions of Chapter 21 of the Texas
Education Code[1]
applied to her claims.  The district
court also held that her  grievance was
timely filed.  The district court
remanded the case back to the Commissioner of Education for further proceedings
consistent with the judgment of the court. 
Other than a proposed recommendation, no further action has been taken
on the case by the Commissioner since it was remanded.  Before the four year statute of limitations
expired, O=Neal
filed this claim in Ector County District Court.  Ector
 County Independent
 School District filed a
plea to the jurisdiction, asserting that O=Neal
did not exhaust her administrative remedies and that, therefore, the trial
court did not have jurisdiction over her claims.  The trial court granted the plea, and O=Neal appeals from this judgment.

Issues on Appeal

O=Neal
presents three issues for review.  First,
she contends that the trial court erred in 
dismissing her suit for lack of jurisdiction and that abatement of this
cause until the administrative appeal is final would be the proper remedy.  O=Neal
also contends that the statute of limitations on her breach of contract claim
should be equitably tolled while she exhausts her administrative remedies.  In the alternative, she contends that she has
exhausted her administrative remedies and should be allowed to pursue this
cause in the trial court. 

Standard of Review








A plea to the jurisdiction challenges a trial
court=s
authority to determine the subject matter of the suit.  Godley Indep. Sch.  Dist. v. Woods, 21 S.W.3d 656, 658 (Tex.
App.CWaco
2000, pet. denied).  Jurisdiction is a
question of law, and we review the trial court=s
grant of the plea to the jurisdiction de novo. 
State ex rel. Dep=t
of Highways and Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Ector
County v. Breedlove, 168 S.W.3d
864, 865 (Tex.
App.CEastland
2004, no pet.).  A plaintiff must plead
facts that affirmatively show the trial court=s
jurisdiction.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Woods, 21 S.W.3d at
658.   We take the jurisdictional
allegations in the petition as true, and we construe them liberally in favor of
the plaintiff.  Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); City of El Campo v. Rubio,
980 S.W.2d 943, 945 (Tex. App.CCorpus
Christi 1998, pet. dism=d
w.o.j.).  The trial court may consider
other evidence when necessary to resolve the jurisdictional issue.  Miranda, 133 S.W.3d at 223.

Abatement

O=Neal
asks this court to abate her suit until a final resolution of her case on the
merits by the Commissioner.  To support
this position, she cites Subaru of Am., Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212 (Tex.
2002).  In Subaru, the court
discusses the difference between primary and exclusive jurisdiction of courts
and administrative agencies.  Primary
jurisdiction exists when both the courts and the administrative agency have the
authority to make the initial determination in a dispute.  Id.
at 221.  An agency has exclusive
jurisdiction when the legislature grants it the sole authority to make an
initial determination in a dispute.  Id.  When an agency has exclusive jurisdiction, a
party is required to exhaust all administrative remedies before seeking a
judicial remedy.  Id. 

O=Neal
does not dispute that the Commissioner has exclusive jurisdiction, but relies
upon the following language in Subaru to support her argument for
abatement:

In some instances, however, the statutory scheme
may necessitate that an administrative agency with exclusive jurisdiction make
certain findings before a trial court may finally adjudicate a claim.  Under those circumstances, if a party files
its claim in the trial court before the agency resolves the issue within its
exclusive jurisdiction, but the jurisdictional impediment can be removed, Athen the trial court may abate
proceedings to allow a reasonable opportunity for the jurisdictional problem to
be cured.@  American Motorists Ins. Co. v. Fodge,
63 S.W.3d 801, 805 (Tex.
2001).

 

Id.
at 221-22.








Subaru does not support an abatement in
this case because the decision upon which it rests, Fodge, concerned a
fundamentally different issue and because, immediately before the quoted
language, the court cited Tex. Educ. Agency v. Cypress-Fairbanks ISD,
830 S.W.2d 88, 90 (Tex. 1992), for the proposition that, when an agency has
exclusive jurisdiction, trial courts lack subject- matter jurisdiction and must
dismiss claims until all administrative remedies have been exhausted.

In Fodge, the question was whether a
claimant could pursue a claim for damages resulting from the wrongful denial of
benefits without a prior determination by the Texas Workers= Compensation Commission that she was
entitled to benefits.  The court held she
could not.  63 S.W.3d at 802.  The language subsequently cited in Subaru
comes from that portion of the opinion discussing possible causes of action for
damages attributable to benefits the TWCC had awarded the claimant B such as improperly delaying the
payment of those benefits.  Id. at 805.  The supreme court has not elaborated on the
circumstances which justify an abatement, but nothing in the court=s opinion indicates those circumstances
are present in this case.  In both the Fodge
opinion and the Cypress-Fairbanks opinion, dismissal was the appropriate
remedy where an administrative agency such as the Commissioner of Education had
exclusive jurisdiction and had not yet ruled.

The Commissioner has exclusive jurisdiction to
hear O=Neal=s ripe claim that Ector County
 Independent School
 District violated Tex. Educ. Code Ann. '
21.206 (Vernon 2006).  O=Neal has expressed the concern that she
could prevail on this issue but not recover any monetary damages because of
conflicting decisions from the Commissioner concerning its authority to award
contractual damages.  It is improper for
us to speculate on what the Commissioner may or may not do or on what appeal
may or may not lie from that decision. 
Chapter 21 of the Education Code provides O=Neal
with an administrative remedy to challenge the Board=s
decision to deny her grievance.  If she
prevails on that claim but no determination of financial recovery is made, Tex. Educ. Code Ann. ' 7.057 (Vernon 2006) provides her an
opportunity to pursue a grievance arising from the violation of a written
employment contract, which would include a claim for additional compensation
due under that contract.

Until the Commissioner issues a final ruling on
the pending grievance, O=Neal
has not exhausted her administrative remedies. 
This process may not be circumvented with an independent breach of
contract action.  Consequently, O=Neal=s
jurisdictional impediment cannot be remedied until the Commissioner issues a
decision and, thus, an abatement would be improper.  O=Neal=s first issue is overruled.








 Equitably
Tolling the Statute of Limitations

O=Neal
asks this court to hold that her limitations period is equitably tolled during
the pendency of her claim.  However, the
issue of the statute of limitations is not ripe.  A case is not yet ripe if the facts are not
sufficiently developed, and the resolution of the case depends on contingent or
hypothetical facts.  Waco Indep. Sch. Dist. v. Gibson,
22 S.W.3d 849, 851-52 (Tex. 2000); Patterson
v. Planned Parenthood of Houston & Se. Tex.,
Inc., 971 S.W.2d 439, 443 (Tex.
1998).  The ripeness doctrine allows
courts to avoid premature adjudication and prohibits advisory opinions.  Gibson, 22 S.W.3d at 851-52. 

Courts are prohibited from issuing advisory
opinions because they infringe on the duties and powers of the legislative and
executive branches and thereby violate the separation of powers doctrine.  Patterson, 971 S.W.2d at 443; Firemen=s Ins. Co. of Newark,
N.J. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968).  An advisory opinion decides an abstract
question of law without binding the parties. 
Tex.
Air Control, 852 S.W.2d at 444.  Texas courts do not have
jurisdiction to render such opinions.  Id. 

O=Neal
had not exhausted her administrative remedies at the time she filed suit in
district court.  Therefore, she does not
have a concrete injury, and the case is not ripe for adjudication.  See Tex.
A & M Univ.
v. Hole, 194 S.W.3d 591, 593 (Tex.
App.CWaco
2006, no pet. h.).  O=Neal=s  limitations issue rests on contingent or
hypothetical facts.  O=Neal would only have a ripe controversy
if she re-files her claims in district court after exhausting her
administrative remedies and if Ector
 County Independent
 School District raises
limitations as a defense.  The cases
cited by O=Neal in
support of her argument that limitations are equitably tolled are
distinguishable.  In those cases, the
defendants raised the statute of limitations as a defense and filed motions for
summary judgment.  The issue of the
statute of limitations was ripe, and the courts had to decide whether
limitations barred the claims or whether limitations was tolled.  Hand v. Stevens Transp. Inc. Employee Benefit
Plan, 83 S.W.3d 286 (Tex. App.CDallas 2002, no pet.); Anders v. Weslaco Indep. Sch. Dist.,
960 S.W.2d 289 (Tex. App.CCorpus
Christi 1997, no pet.); Weisz v. Spindletop Oil & Gas Co., 664
S.W.2d 423 (Tex. App.CCorpus
Christi 1983, no writ). We lack jurisdiction to decide whether the statute
of  limitations would be equitably tolled
and will not issue an advisory opinion on that issue.  O=Neal=s second issue on appeal is overruled.   








Exhaustion of Administrative Remedies 

O=Neal
also contends that she has exhausted her administrative remedies and that she
was not required to exhaust her administrative remedies before pursuing a claim
in district court.  A party whose claims
involve a breach of contract claim with a school district must exhaust the
statutorily provided administrative remedies before turning to the courts for
relief.  Cypress-Fairbanks, 830 S.W.2d
at 90; Woods, 21 S.W.3d at 659. 
There are limited exceptions to this rule.  The statutory administrative remedies do not
have to be exhausted if:  (1) the
aggrieved party will suffer irreparable harm and the administrative agency is
unable to provide relief; (2) the claims are for a violation of a
constitutional or a federal statutory right; (3) the cause of action involves
pure questions of law and the facts are not disputed; (4) the Commissioner of
Education lacks jurisdiction over the claims; (5) the administrative agency
acts without authority; or (6) the claims involve parties acting outside the
scope of their employment with the school district.  Dotson v. Grand Prairie Indep. Sch. Dist., 161
S.W.3d 289 (Tex.
App.CDallas
2005, no pet.).  O=Neal
does not argue that any of these exceptions apply. 

Instead, O=Neal
argues that this court should adopt another exception.  She asserts that a party who has pursued
administrative remedies should not be required to exhaust her administrative
remedies when the limitations period expires before the resolution of the
administrative case. However, O=Neal
has not provided us with authority on this issue. We decline to adopt another
exception to the exhaustion rule.  
Further, O=Neal will
have the option to appeal any decision of the Commissioner to the district
court and, therefore, will not be denied any legal remedy. 

O=Neal
relies upon Benavides Indep. Sch. Dist. v. Guerra, 681 S.W.2d 246 (Tex.
App.CSan
Antonio 1984, writ ref=d
n.r.e.), for the proposition that she is not required to exhaust her
administrative remedies before pursuing her claim in district court.  In Benavides, the court stated that,
once Guerra exhausted his local administrative remedies, he was entitled to
bring suit in district court without appealing to the Commissioner. Id. at 248. 








We decline to extend the holding in Benavides
to the facts in this case.   Courts
deciding the issue after Benavides have held that exhaustion of
administrative remedies is mandatory.  Jones
v. Clarksville
Indep. Sch. Dist., 46 S.W.3d 467 (Tex.
App.CTexarkana
2001, no pet.); Woods, 21 S.W.3d at 659; Roberts v. Hartley Indep.
Sch. Dist., 877 S.W.2d 506, 507 (Tex. App.CAmarillo
1994, writ den=d).  AAs
a rule, a party to an administrative proceeding is not entitled to judicial
review until the party has pursued correction through the prescribed
administrative process.@  Cypress-Fairbanks, 830 S.W.2d at
90.  We find these authorities
persuasive.  O=Neal
must exhaust her administrative remedies before pursuing her claim in district
court.  We hold that she did not exhaust
her administrative remedies before filing this suit.  We overrule O=Neal=s third issue on appeal. 

Conclusion

  O=Neal did not establish the trial court=s subject-matter jurisdiction in her
pleadings or in any evidence.  The trial
court did not err in granting Ector
 County Independent
 School District=s plea to the jurisdiction.  We affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

 

November 9, 2006

Panel
consists of:  Wright, C.J., and 

McCall,
J., and Strange, J. 











[1]Tex. Educ. Code Ann. ch. 21 (Vernon 2006 & Supp. 2006).