**Helen O'NEAL, Appellant,**

v.

**ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 11–06–00013–CV.

Court of Appeals of Texas, Eastland.

Nov. 9, 2006.

Rehearing Overruled Dec. 21, 2006.

Kevin F. Lungwitz, General Counsel, Austin, for appellant.

Kevin B. Laughlin, Mike Atkins, Atkins, Peacock & Lewis, L.L.P., Odessa, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Helen O'Neal appeals from the trial court's granting of Ector County Independent School District's plea to the jurisdiction. We affirm.

### Background Facts

O'Neal was employed by Ector County Independent School District as a teacher under a term contract for two years. In addition to her teaching duties, she was paid a stipend each year to perform additional duties as a coach. In March 2001, O'Neal was given notice of the decision to terminate her from her coaching duties. O'Neal filed a grievance with the principal at the school where she was employed which was denied for being untimely filed. She appealed the principal's decision to the Board of Trustees. The Board upheld the principal's decision. O'Neal appealed the Board's decision to the Commissioner of Education. The Commissioner held that O'Neal's appeal should be dismissed for failure to exhaust local remedies and for mootness. O'Neal appealed the Commissioner's decision to the district court in Travis County. The district court reversed the Commissioner's decision. The district court held O'Neal's contracts were unified and that the provisions of Chapter 21 of the Texas Education Code[1] applied to her claims. The district court also held that her grievance was timely filed. The district court remanded the case back to the Commissioner of Education for further proceedings consistent with the judgment of the court. Other than a proposed recommendation, no further action has been taken on the case by the Commissioner

since it was remanded. Before the four year statute of limitations expired, O'Neal filed this claim in Ector County District Court. Ector County Independent School District filed a plea to the jurisdiction, asserting that O'Neal did not exhaust her administrative remedies and that, therefore, the trial court did not have jurisdiction over her claims. The trial court granted the plea, and O'Neal appeals from this judgment.

### Issues on Appeal

O'Neal presents three issues for review. First, she contends that the trial court erred in dismissing her suit for lack of jurisdiction and that abatement of this cause until the administrative appeal is final would be the proper remedy. O'Neal also contends that the statute of limitations on her breach of contract claim should be equitably tolled while she exhausts her administrative remedies. In the alternative, she contends that she has exhausted her administrative remedies and should be allowed to pursue this cause in the trial court.

### Standard of Review

A plea to the jurisdiction challenges a trial court's authority to determine the subject matter of the suit. *Godley Indep. Sch. Dist. v. Woods*, 21 S.W.3d 656, 658 (Tex.App.-Waco 2000, pet. denied). Jurisdiction is a question of law, and we review the trial court's grant of the plea to the jurisdiction de novo. *State ex rel. Dep't of Highways and Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *Ector County v. Breedlove*, 168 S.W.3d 864, 865 (Tex.App.-Eastland 2004, no pet.). A plaintiff must plead facts that affirmatively show the trial court's jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,

1. TEX. EDUC.CODE ANN. ch. 21 (Vernon 2006 & Supp.2006).

852 S.W.2d 440, 446 (Tex.1993); *Woods*, 21 S.W.3d at 658. We take the jurisdictional allegations in the petition as true, and we construe them liberally in favor of the plaintiff. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *City of El Campo v. Rubio*, 980 S.W.2d 943, 945 (Tex.App.-Corpus Christi 1998, pet. dism'd w.o.j.). The trial court may consider other evidence when necessary to resolve the jurisdictional issue. *Miranda*, 133 S.W.3d at 223.

## Abatement

■■■ O'Neal asks this court to abate her suit until a final resolution of her case on the merits by the Commissioner. To support this position, she cites *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex.2002). In *Subaru*, the court discusses the difference between primary and exclusive jurisdiction of courts and administrative agencies. Primary jurisdiction exists when both the courts and the administrative agency have the authority to make the initial determination in a dispute. *Id.* at 221. An agency has exclusive jurisdiction when the legislature grants it the sole authority to make an initial determination in a dispute. *Id.* When an agency has exclusive jurisdiction, a party is required to exhaust all administrative remedies before seeking a judicial remedy. *Id.*

O'Neal does not dispute that the Commissioner has exclusive jurisdiction, but relies upon the following language in *Subaru* to support her argument for abatement:

> In some instances, however, the statutory scheme may necessitate that an administrative agency with exclusive jurisdiction make certain findings before a trial court may finally adjudicate a claim. Under those circumstances, if a party files its claim in the trial court before the agency resolves the issue

within its exclusive jurisdiction, but the jurisdictional impediment can be removed, "then the trial court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex.2001).

*Id.* at 221–22.

*Subaru* does not support an abatement in this case because the decision upon which it rests, *Fodge*, concerned a fundamentally different issue and because, immediately before the quoted language, the court cited *Tex. Educ. Agency v. Cypress–Fairbanks ISD*, 830 S.W.2d 88, 90 (Tex. 1992), for the proposition that, when an agency has exclusive jurisdiction, trial courts lack subject-matter jurisdiction and must dismiss claims until all administrative remedies have been exhausted.

In *Fodge*, the question was whether a claimant could pursue a claim for damages resulting from the wrongful denial of benefits without a prior determination by the Texas Workers' Compensation Commission that she was entitled to benefits. The court held she could not. 63 S.W.3d at 802. The language subsequently cited in *Subaru* comes from that portion of the opinion discussing possible causes of action for damages attributable to benefits the TWCC had awarded the claimant—such as improperly delaying the payment of those benefits. *Id.* at 805. The supreme court has not elaborated on the circumstances which justify an abatement, but nothing in the court's opinion indicates those circumstances are present in this case. In both the *Fodge* opinion and the *Cypress–Fairbanks* opinion, dismissal was the appropriate remedy where an administrative agency such as the Commissioner of Education had exclusive jurisdiction and had not yet ruled.

The Commissioner has exclusive jurisdiction to hear O'Neal's ripe claim that

Ector County Independent School District violated TEX. EDUC.CODE ANN. § 21.206 (Vernon 2006). O'Neal has expressed the concern that she could prevail on this issue but not recover any monetary damages because of conflicting decisions from the Commissioner concerning its authority to award contractual damages. It is improper for us to speculate on what the Commissioner may or may not do or on what appeal may or may not lie from that decision. Chapter 21 of the Education Code provides O'Neal with an administrative remedy to challenge the Board's decision to deny her grievance. If she prevails on that claim but no determination of financial recovery is made, TEX. EDUC.CODE ANN. § 7.057 (Vernon 2006) provides her an opportunity to pursue a grievance arising from the violation of a written employment contract, which would include a claim for additional compensation due under that contract.

Until the Commissioner issues a final ruling on the pending grievance, O'Neal has not exhausted her administrative remedies. This process may not be circumvented with an independent breach of contract action. Consequently, O'Neal's jurisdictional impediment cannot be remedied until the Commissioner issues a decision and, thus, an abatement would be improper. O'Neal's first issue is overruled.

### Equitably Tolling the Statute of Limitations

O'Neal asks this court to hold that her limitations period is equitably tolled during the pendency of her claim. However, the issue of the statute of limitations is not ripe. A case is not yet ripe if the facts are not sufficiently developed, and the resolution of the case depends on contingent or hypothetical facts. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849,

851–52 (Tex.2000); *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex.1998). The ripeness doctrine allows courts to avoid premature adjudication and prohibits advisory opinions. *Gibson*, 22 S.W.3d at 851–52.

Courts are prohibited from issuing advisory opinions because they infringe on the duties and powers of the legislative and executive branches and thereby violate the separation of powers doctrine. *Patterson*, 971 S.W.2d at 443; *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). An advisory opinion decides an abstract question of law without binding the parties. *Tex. Air Control*, 852 S.W.2d at 444. Texas courts do not have jurisdiction to render such opinions. *Id.*

O'Neal had not exhausted her administrative remedies at the time she filed suit in district court. Therefore, she does not have a concrete injury, and the case is not ripe for adjudication. *See Tex. A & M Univ. v. Hole*, 194 S.W.3d 591, 593 (Tex. App.-Waco 2006, no pet. h.). O'Neal's limitations issue rests on contingent or hypothetical facts. O'Neal would only have a ripe controversy if she re-files her claims in district court after exhausting her administrative remedies and if Ector County Independent School District raises limitations as a defense. The cases cited by O'Neal in support of her argument that limitations are equitably tolled are distinguishable. In those cases, the defendants raised the statute of limitations as a defense and filed motions for summary judgment. The issue of the statute of limitations was ripe, and the courts had to decide whether limitations barred the claims or whether limitations was tolled. *Hand v. Stevens Transp. Inc. Employee Benefit Plan*, 83 S.W.3d 286 (Tex.App.-Dallas 2002, no pet.); *Anders v. Weslaco Indep. Sch. Dist.*, 960 S.W.2d 289 (Tex.

App.-Corpus Christi 1997, no pet.); *Weisz v. Spindletop Oil & Gas Co.*, 664 S.W.2d 423 (Tex.App.-Corpus Christi 1983, no writ). We lack jurisdiction to decide whether the statute of limitations would be equitably tolled and will not issue an advisory opinion on that issue. O'Neal's second issue on appeal is overruled.

### Exhaustion of Administrative Remedies

O'Neal also contends that she has exhausted her administrative remedies and that she was not required to exhaust her administrative remedies before pursuing a claim in district court. A party whose claims involve a breach of contract claim with a school district must exhaust the statutorily provided administrative remedies before turning to the courts for relief. *Cypress–Fairbanks*, 830 S.W.2d at 90; *Woods*, 21 S.W.3d at 659. There are limited exceptions to this rule. The statutory administrative remedies do not have to be exhausted if: (1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or a federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289 (Tex. App.-Dallas 2005, no pet.). O'Neal does not argue that any of these exceptions apply.

Instead, O'Neal argues that this court should adopt another exception. She asserts that a party who has pursued administrative remedies should not be required to exhaust her administrative remedies when the limitations period expires before the resolution of the administrative case. However, O'Neal has not provided us with authority on this issue. We decline to adopt another exception to the exhaustion rule. Further, O'Neal will have the option to appeal any decision of the Commissioner to the district court and, therefore, will not be denied any legal remedy.

O'Neal relies upon *Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246 (Tex. App.-San Antonio 1984, writ ref'd n.r.e.), for the proposition that she is not required to exhaust her administrative remedies before pursuing her claim in district court. In *Benavides*, the court stated that, once Guerra exhausted his local administrative remedies, he was entitled to bring suit in district court without appealing to the Commissioner. *Id.* at 248.

We decline to extend the holding in *Benavides* to the facts in this case. Courts deciding the issue after *Benavides* have held that exhaustion of administrative remedies is mandatory. *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467 (Tex. App.-Texarkana 2001, no pet.); *Woods*, 21 S.W.3d at 659; *Roberts v. Hartley Indep. Sch. Dist.*, 877 S.W.2d 506, 507 (Tex.App.-Amarillo 1994, writ den'd). "As a rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued correction through the prescribed administrative process." *Cypress–Fairbanks*, 830 S.W.2d at 90. We find these authorities persuasive. O'Neal must exhaust her administrative remedies before pursuing her claim in district court. We hold that she did not exhaust her administrative remedies before filing this suit. We overrule O'Neal's third issue on appeal.

### Conclusion

O'Neal did not establish the trial court's subject-matter jurisdiction in her pleadings or in any evidence. The trial court

did not err in granting Ector County Independent School District's plea to the jurisdiction. We affirm the judgment of the trial court.