City of Cleburne v. Donna R. Trussell and Edwin E. Trussell
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-287-CV

     CITY OF CLEBURNE,
                                                                         Appellant
     v.

     DONNA R. TRUSSELL AND
     EDWIN E. TRUSSELL,
                                                                         Appellees
 

From the 18th District Court
Johnson County, Texas
Trial Court # 249-230-98
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      In this interlocutory appeal under section 51.014(8) of the Texas Civil Practice and
Remedies Code, we must decide: 1) whether the court properly denied a plea to the
jurisdiction, and 2) whether lost wages and loss of earning capacity are “personal injury
damages” recoverable under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code
Ann. §§ 51.014(8), 101.021-.025 (Vernon 1997 & Supp. 1999). 
      Donna and Edwin Trussell (the Trussells) sued the City of Cleburne (the City) under the
Texas Tort Claims Act (TTCA) for failure to warn and failure to make the street safe after a
metal plate covering a utility ditch collapsed when they drove over it. The Trussells seek a
variety of damages for injuries resulting from the accident, including lost wages and loss of
earning capacity. The City brings this interlocutory appeal, asserting that the trial court should
have granted its plea to the jurisdiction on the basis of sovereign immunity. We will affirm the
court’s denial of the plea to the jurisdiction.
STANDARD OF REVIEW
      When a lawsuit is barred by sovereign immunity, dismissal with prejudice for want of
jurisdiction is proper. See Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex.
App.—Austin 1994, writ denied). "In deciding whether to grant a plea to the jurisdiction, the
trial court must look solely to the allegations in the petition." Id. On appeal, we examine the
petition, take as true the facts pleaded, and determine whether those facts support the trial
court’s jurisdiction. Hernandez v. Texas Worker’s Comp. Ins. Fund, 946 S.W.2d 904, 906
(Tex. App.—Eastland 1997, no writ). The allegations in the petition are construed in favor of
the plaintiff. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
Thus, we look only to the allegations within the four corners of the Trussells’ petition to
determine whether the trial court has jurisdiction to hear the case.
THE ALLEGATIONS
      The Trussells’ petition asserts that, on a public street known as Granbury Street,
maintained and operated by the City of Cleburne, a hole was dug up and left uncovered. This
condition was known to the City because City employees created the condition. While driving
along Granbury Street, the Trussells’ automobile hit the portion of the street which had been
dug up and were injured as a result. They assert that the City was negligent in:
      a.   failing to inspect the street and its attendant equipment;
      b.   failing to properly maintain the street and its attendant equipment;
      c.   failing to properly warn Plaintiffs about the condition of the street and its attendant
equipment;
      d.   negligently inviting, enticing, and/or directing Plaintiffs into the street;
      e.   failing to place barricades around the area of the street which had been dug up;
      f.   placing iron plates over the 6”-8” hole within the dug-up area that were not anchored
to hold them in place and/or prevent them from moving, thereby allowing a vehicle
wheel to drop in the hole;
      g.   placing iron plates over the 6”-8” hole within the dug-up area that did not withstand a
vehicle safely passing over them, causing the damage to Plaintiff’s vehicle; and
      h.   allowing the iron plates to be placed in such a manner as to present an unreasonable
risk of injury to travelers on the street, including the Plaintiffs.

As a “direct and proximate result of the occurrence,” the Trussells assert, Donna suffered
“injury to her neck, shoulders, back, arms and hands.” They further assert that she has
incurred the following damages:
      a.   reasonable medical care and expenses in the past;
      b.   reasonable and necessary medical care and expenses which will in all reasonable
probability be incurred in the future;
      c.   physical pain and suffering in the past;
      d.   mental anguish in the past;
      e.   physical pain and suffering in the future;
      f.   mental anguish in the future;
      g.   physical impairment in the past;
      h.   loss of earnings in the past;
      i.    loss of earning capacity which will, in all probability, be incurred in the future;
      j.    loss of consortium in the past;
      k.   loss of consortium in the future;
      l.    loss of household services in the past; and
      m.  loss of household services in the future.

They also claim damages for Edwin for loss of consortium in the past and future and loss of
household services. 
 
TEXAS TORT CLAIMS ACT
      Under the TTCA, the City is liable only for “personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2). Municipalities are specifically liable for damages resulting from
street construction and design. Id. § 101.0215(a)(3). Thus, the negligence alleged in the
Trussells’ petition is the type of conduct for which the City may be liable. The City’s sole
contention on appeal is that some of the damages alleged by the Trussells, namely loss of
wages and loss of earning capacity, are “economic damages” and not “personal injury
damages” and therefore are not recoverable under the TTCA. The City does not dispute that
the other damages asserted may be recoverable under the TTCA. See id. § 101.021(2). 
PLEA TO THE JURISDICTION
      A plea to the jurisdiction urges that the court lacks the power to determine the subject
matter of the controversy. General Motors Acceptance Corp. v. Harris County Mun. Util.
Dist. #130, 899 S.W.2d 821, 824 n.3 (Tex. App.—Houston [14th Dist.] 1995, no writ). Thus,
sustaining a plea to the jurisdiction requires dismissal of the entire cause of action. See Speer
v. Stover, 685 S.W.2d 22, 23 (Tex. 1985); American Pawn & Jewelry, Inc. v. Kayal, 923
S.W.2d 670, 672 (Tex. App.—Corpus Christi 1996, writ denied). As a result, the granting of
a plea to the jurisdiction on the basis that some of the damages pled are not recoverable would
be erroneous. Thus, the court did not err in denying the plea to the jurisdiction. 
Alternatively, we will address whether lost wages and loss of earning capacity are recoverable
elements of damage for personal injuries when those injuries are compensable under the
TTCA.
PERSONAL INJURY DAMAGES OR ECONOMIC LOSS?
      The City asserts that Donna Trussell’s claim for lost wages and loss of earning capacity
must fail because she is actually claiming a loss of income from her business, thereby making
it an “economic loss” rather than a “personal injury” damages.
      Generally, loss or impairment of past and future earning capacity is recoverable as an
element of damages in a personal injury case. Harris v. Belue, 974 S.W.2d 386, 395 (Tex.
App.—Tyler 1998, pet. denied); see also Slaton v. Slaton, 987 S.W.2d 180, 182-83 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied) (lost wages were part of personal injury
settlement proceeds and are personal injury damages under the Family Code); Acme Boot Co.
v. Montenegro, 862 S.W.2d 806, 811 (Tex. App.—El Paso 1993, no writ) (regarding
Workers’ Compensation Act).


 It is a form of damages that the jury may award based on
evidence of the injured person's age, health and physical condition prior to the injury, and the
permanence of the injury. Harris, 974 S.W.2d at 395.
      The City asserts that, because Donna is self-employed, she did not lose wages, but her
business lost income as a result of her failure to work. The City has cited no authority under
the TTCA for distinguishing between one who is an employee and one who is self-employed
for purposes of determining whether lost wages and loss of earning capacity are recoverable as
personal injury damages. We find no authority to support such an assertion. On the contrary,
to say that the TTCA does not allow an injured person to recover damages for lost wages and
loss of earning capacity merely because he or she is self-employed is not a logical result. 
Thus, we will not make a distinction on that basis. We therefore hold that lost wages and loss
of earning capacity are personal injury damages recoverable under the TTCA. 
      Having found that the court properly overruled the plea to the jurisdiction, we affirm the
order.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed 
Opinion delivered and filed January 19, 2000
Publish