Gene C. Steele, Sr., et al. v. Judge W. Tom McDonald, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-238-CV

     GENE C. STEELE, SR., INDIVIDUALLY
     AND AS INDEPENDENT EXECUTOR
     OF THE ESTATE OF WILLIAM B. DUKE,
     GENE STEELE, JR., AND ROCKY C. STEELE,
                                                                         Appellants
     v.

     JUDGE W. TOM McDONALD, JR.,
     AND JUDGE ELENOR F. HOLMES,
                                                                         Appellees
 

From the 87th District Court
Limestone County, Texas
Trial Court # 25,709-B
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellants filed suit against two judges alleging that the judges’ actions have slandered the
title to their property and have otherwise caused numerous interferences with their ownership and
possessory rights. The court granted the judges’ pleas to the jurisdiction. 
      Appellants claim in ten issues that the court erred in granting the judges’ pleas to the
jurisdiction because: (1) the court denied Appellants an opportunity to conduct discovery; (2) the
court did not resolved a disputed fact issue; (3) Judge Holmes was acting outside her probate
jurisdiction when she transferred a title dispute to the district court one year after admitting the
will to probate; (4) Judge McDonald was acting outside his jurisdiction when he presided over the
matter transferred to his court by Judge Holmes; (5) the judges failed to offer any evidence that
they are entitled to judicial immunity or that the trial court otherwise lacks jurisdiction over
Appellants’ claims (three issues); (6) Judge Holmes failed to raise the issue of judicial immunity
in her plea to the jurisdiction; (7) Judge McDonald failed to verify his plea to the jurisdiction; and
(8) “because there are issues before the court that are unresolved.”
BACKGROUND
      Gene C. Steele, Sr. (“Steele”) claims ownership of the property in dispute under a February
1980 deed from William B. Duke, now deceased. Steele later conveyed a portion of the property
to his sons Gene, Jr. and Rocky. Duke executed a deed in favor of John B. McDonald


 in October
1980. The Steeles contend that the property description in the McDonald deed conflicts with that
contained in the Steele deed. 
      John McDonald and others (hereinafter, “John McDonald”) filed a partition suit against Duke
in the 87th District Court of Limestone County in 1982. The court signed a judgment in April
1986 in accordance with the jury’s verdict in the matter. Steele filed an equitable bill of review
to set aside this judgment. According to the Steeles, this bill of review is still pending.
      Steele filed a trespass to try title suit against John McDonald in the 77th District Court of
Limestone County in April 1989, which was docketed under cause number 22,179-A. The
presiding judge of the administrative judicial region assigned the Honorable W. Tom McDonald,
Jr. to preside over the matter after the elected judge recused himself.
      Duke died in 1992. Duke appointed Steele in his will to serve as independent executor. 
Steele filed an application with the County Court of Limestone County in March 1996 to probate
Duke’s will. John McDonald filed a will contest. The Honorable Elenor F. Holmes, Judge of the
County Court of Limestone County, transferred the contest to the district court where it was
docketed under cause number 24,583-B. As with cause number 22,179-A, the elected judge
recused himself, and the presiding judge for the administrative judicial region assigned Judge
McDonald to preside over the matter. The contestants withdrew their opposition to the probate
of Duke’s will. Judge McDonald dismissed the contest and transferred the matter back to the
probate court.
      Judge Holmes admitted the Duke will to probate in September 1996. Judge Holmes signed
an order on January 6, 1997 approving the inventory and appraisement of the Duke estate prepared
by Steele. John McDonald filed a complaint challenging the inventory and appraisement on
January 17. Judge Holmes signed an order on February 28 dismissing the complaint for want of
jurisdiction.
      In July 1997, John McDonald filed a motion for summary judgment in the title suit (cause
number 22,179-A). In September 1997, John McDonald filed a motion in the probate court
alleging that the title dispute with the Duke estate required a transfer to the district court. Judge
Holmes granted the motion and transferred the matter to the district court one month later. The
district clerk docketed the matter under cause number 24,583-B again.
      In a judgment signed on November 7, 1997, Judge McDonald consolidated cause numbers
22,179-A and 24,583-B and granted John McDonald’s summary judgment motion filed in cause
number 22,179-A. We reversed this judgment in an unpublished opinion on October 25, 2000.



      The Steeles filed the present suit, cause number 25,709-B, against Judges Holmes and
McDonald in November 1999, during the pendency of their appeal from the November 1997
judgment. Their primary allegation is that the judges’ actions have slandered their title to the
disputed property. They further contend that the judges’ conduct has caused: repeated trespasses
on their property; denial of their right to be listed as owners of the disputed property on the
Limestone County tax rolls; denial of their right to dispose or make use of the disputed property;
the issuance of a writ of possession enabling Limestone County to enter the property and mine
sand and gravel under a lease executed by John McDonald; denial of Steele’s right as independent
executor of the Duke estate to take possession of estate property; and denial of Steele’s
constitutional right to a homestead.
      Judge Holmes filed a pleading in which she included a plea to the jurisdiction, a plea in
abatement, general and specific denials, affirmative defenses, and special exceptions. The sole
contention in her plea to the jurisdiction is that the Steeles’ suit is not ripe for adjudication because
they have not alleged the loss of a specific sale in connection with their slander of title claim. She
asserts judicial immunity as an affirmative defense.
      Judge McDonald filed a similar pleading. He alleges in the plea to the jurisdiction section of
his pleading that he is entitled to judicial immunity and that the Steeles’ suit is not ripe for
adjudication.
      After a hearing, the court granted the jurisdictional pleas without specifying the basis for its
ruling.



JUDICIAL IMMUNITY
      The Steeles aver in their third and fourth issues respectively that Judges Holmes and
McDonald were acting outside their jurisdiction when they engaged in the complained-of conduct. 
They contend in their fifth, seventh, and ninth issues that the judges failed to offer any evidence
to prove their entitlement to judicial immunity. They allege in their sixth issue that the court erred
in dismissing their case against Judge Holmes on the basis of judicial immunity because she did
not raise that issue in her plea to the jurisdiction. They claim in their eighth issue that the court
erred in granting Judge McDonald’s plea to the jurisdiction based on judicial immunity because
he did not verify this pleading.
Judge McDonald’s Plea to The Jurisdiction
      The Steeles’ eighth issue concerns the form of Judge McDonald’s plea to the jurisdiction. 
They contend that such a plea must be verified. See, e.g., Law Offices of Yarborough & Pope,
Inc. v. National Auto. & Cas. Ins. Co., 548 S.W.2d 462, 463 (Tex. Civ. App.—Fort Worth 1977,
writ ref’d n.r.e.). According to Rule of Civil Procedure 93 however, a pleading need not be
verified if the truth of the matters alleged therein “appear of record.” Tex. R. Civ. P. 93. 
Because Judge McDonald’s plea to the jurisdiction presents only a legal question regarding
whether the act of which the Steeles complain in their petition is shielded by judicial immunity,
his plea did not require verification. See American Pawn & Jewelry, Inc. v. Kayal, 923 S.W.2d
670, 672-75 (Tex. App.—Corpus Christi 1996, writ denied).
      Accordingly, we overrule the Steeles’ eighth issue.
Standard of Review
      We have stated on several occasions that we look only to the factual allegations of the
plaintiffs’ petition when reviewing a plea to the jurisdiction. See, e.g., Texas Dep’t of Mental
Health & Mental Retardation v. Pearce, 16 S.W.3d 456, 460 (Tex. App.—Waco 2000, pet.
dism’d w.o.j.); City of Cleburne v. Trussell, 10 S.W.3d 407, 409 (Tex. App.—Waco 2000, no
pet.) (“we look only to the allegations within the four corners of the . . . petition”); accord
Continental Cas. Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 404-05 (Tex. 2000);
Texas Ass’n. of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
      However, some courts have looked to other pleadings in reviewing a plea to the jurisdiction. 
See Johnson v. City of Dublin, 46 S.W.3d 401, 403 n.4 (Tex. App.—Eastland 2001, no pet. h.);
Mission Consolidated Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.—Corpus
Christi 2001, no pet.); City of Austin v. Ender, 30 S.W.3d 590, 593 (Tex. App.—Austin 2000,
no pet.); Janik v. Lamar Consolidated Indep. Sch. Dist., 961 S.W.2d 322, 324 (Tex.
App.—Houston [1st Dist.] 1997, pet. denied); Ramirez v. Lyford Consolidated Indep. Sch. Dist.,
900 S.W.2d 902, 906-07 (Tex. App.—Corpus Christi 1995, no writ); Washington v. Fort Bend
Indep. Sch. Dist., 892 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.] 1994, writ denied). 
According to these courts, the pleadings relevant to this inquiry include the petition, the plea to
the jurisdiction, and the response to the plea to the jurisdiction. See Flores, 39 S.W.3d at 676;
Ender, 30 S.W.3d at 593.
      Nevertheless, the Supreme Court has expressly rejected this approach. See Continental Cas.
Ins., 19 S.W.3d at 404-05. The Court refused to consider an allegation which would have
overcome the defendant’s plea to the jurisdiction because the plaintiff presented this allegation only
in its response to the plea to the jurisdiction and not in the petition. Id. at 405; but see Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) (court may receive evidence in
deciding plea to the jurisdiction “when necessary to resolve the jurisdictional issues raised”).
      Accordingly, we limit our review to the allegations contained in the Steeles’ petition.
Judicial Immunity
      “[J]udicial immunity is an immunity from suit, not just from ultimate assessment of
damages.” Bradt v. West, 892 S.W.2d 56, 69 (Tex. App.—Houston [1st Dist.] 1994, writ denied)
(quoting Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991)); accord
Garza v. Morales, 823 S.W.2d 800, 801-02 (Tex. App.—Corpus Christi 1996, no writ). 
Immunity from suit deprives a trial court of subject matter jurisdiction.


 See Texas Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999); Pearce, 16 S.W.3d at 459. Thus, it may
be properly raised in a plea to the jurisdiction. Id.
      Judicial immunity involves two inquiries: (1) whether the complained-of actions were
“judicial”; and (2) whether these actions were “taken in the complete absence of all jurisdiction.” 
Mireles, 502 U.S. at 11-12, 112 S. Ct. at 288; accord Hawkins v. Walvoord, 25 S.W.3d 882, 890
(Tex. App.—El Paso 2000, pet. denied); Garza, 923 S.W.2d at 802; Bradt, 892 S.W.2d at 67. 
The Steeles do not contend that the actions of which they complain were “nonjudicial” in nature. 
Accordingly, we limit our discussion to the question of whether these actions were “taken in the
complete absence of all jurisdiction.” Id. In evaluating this issue, we focus not on the propriety
of the specific act “but on whether the judge had the jurisdiction necessary to perform an act of
that kind in the case.” Bradt, 892 S.W.2d at 68; accord Hawkins, 25 S.W.3d at 890; Garza, 923
S.W.2d at 802.
Application
      The Steeles’ petition complains of two actions performed by Judges Holmes and McDonald. 
They identify Judge Holmes’s October 1997 transfer order and Judge McDonald’s November 1997
consolidation order and summary judgment as actions taken “outside of [the] jurisdiction of the
[ judges’ courts].”



      A constitutional county court faced with a contested probate issue may on its own motion (or
shall on the motion of any party to the proceeding) request the appointment of a statutory probate
court judge or transfer the contested issue to the district court. See Tex. Prob. Code Ann. § 5(b)
(Vernon Supp. 2001). Thus, Judge Holmes clearly had the jurisdiction necessary to transfer a
contested probate matter to the district court. Our determination in the previous appeal that this
transfer was erroneous has no bearing on Judge Holmes’s immunity. See Hawkins, 25 S.W.3d
at 890; Garza, 923 S.W.2d at 802; Bradt, 892 S.W.2d at 68.
      Section 5(b) further provides that the district court “may then hear the contested probate
matter as if originally filed in district court.” Tex. Prob. Code Ann. § 5(b). Accordingly, Judge
McDonald had the jurisdiction necessary to rule on a contested probate matter. Again, our
reversal of the summary judgment rendered by Judge McDonald has no bearing on Judge
McDonald’s immunity. See Hawkins, 25 S.W.3d at 890; Garza, 923 S.W.2d at 802; Bradt, 892
S.W.2d at 68.
Summary
      Judge Holmes’s action in transferring the alleged probate contest to the district court is the
kind of judicial act which she had jurisdiction necessary to perform. Judge McDonald’s action
in hearing the alleged contested probate matter transferred to his court is the kind of judicial act
which he had jurisdiction necessary to perform. Accordingly, they have judicial immunity from
the Steeles’ suit.
      Resolution of the immunity question presented in this case did not require the trial court to
receive evidence. Cf. Blue, 34 S.W.3d at 555 (trial court could consider evidence to resolve
standing issue). Thus, we overrule the Steeles’ fifth, seventh, and ninth issues, in which they
contend that the judges failed to offer evidence to prove their immunity claims.
      For these reasons, we overrule the Steeles’ third and fourth issues.
CONCLUSION
      We have concluded that Judges Holmes and McDonald are immune from the Steeles’ suit. 
The Steeles’ first, second, and tenth issues relate to the merits of their suit. Because the trial court
does not have jurisdiction to consider the merits of their suit, these issues are immaterial, and we
do not reach them. We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 17, 2001
Do not publish
[CV06]