In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-294 CV


NO. 09-01-299 CV 


____________________



STANLEY CHRISTOPHER, ET AL., Appellants



V.



PLAIA'S INCORPORATED, ET AL., Appellees



and



JASPER COUNTY SHERIFF'S DEPARTMENT, ET AL., Appellants



V.



H. B. NEAL, d/b/a NEAL'S, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause Nos. 22807 and 20078






OPINION


 This case is about the jurisdiction of a civil court to enter a temporary injunction. (1)
This case is not about the legality, nor the morality, of "eight-liner" machines. Billy
Rowles, Sheriff of Jasper County, Texas; Stanley Christopher, Jasper Chief of Police;
Sammy Ruggles, Kirbyville Chief of Police; and Guy James Gray, Jasper County District
Attorney, appeal from the trial court's granting of two temporary injunctions (2) enjoining
Christopher, Ruggles, and Rowles from prosecuting the appellees or initiating forfeiture
proceedings against any of their property used legally or operated legally in conformance
with Tex. Pen. Code Ann. § 47.01(4)(B) (Vernon Supp. 2002). In four issues, they
assert that: (1) the trial court lacked jurisdiction to enjoin the enforcement of a criminal
statute in the absence of an attack on the constitutionality of the statute or an assertion of
harm to a vested property right; (2) the appellees lacked standing and alleged no justiciable
controversy with respect to them; (3) the cause against the sheriff and chiefs of police
should have been dismissed because they were not the appropriate parties to restrain
regarding the enforcement of criminal gambling statutes; and (4) the trial court erred in
granting the temporary injunction because the appellees failed to show a probable right of
recovery at trial.

 Appellants assert in issue one that the trial court abused its discretion by denying
their pleas to the jurisdiction. A civil court has jurisdiction to declare constitutionally
invalid, and enjoin the enforcement of, a criminal statute only when (1) there is evidence
that the statute at issue is unconstitutionally applied by a rule, policy, or other noncriminal
means subject to a civil court's equity powers and irreparable injury to property or
personal rights is threatened, or (2) the enforcement of an unconstitutional statute threatens
irreparable injury to property rights. See State v. Morales, 869 S.W.2d 941, 942 (Tex.
1994). We construe their argument to be that they have pleaded and proved that the statute
at issue is being unconstitutionally applied and irreparable injury to their property or
personal rights is threatened. 

 In this case the statute at issue is section 47.01(4) of the Texas Penal Code. That
portion of section 47.01 provides that:

 (4) "Gambling device" means any electronic, electromechanical, or
mechanical contrivance not excluded under Paragraph (B) that for a consideration
affords the player an opportunity to obtain anything of value, the award of which
is determined solely or partially by chance, even though accompanied by some skill,
whether or not the prize is automatically paid by the contrivance. The term:


 (A) includes, but is not limited to, gambling device versions of bingo, keno,
blackjack, lottery, roulette, video poker, or similar electronic, electromechanical,
or mechanical games, or facsimiles thereof, that operate by chance or partially so,
that as a result of the play or operation of the game award credits or free games,
and that record the number of free games or credits so awarded and the cancellation
or removal of the free games or credits; and 


 (B) does not include any electronic, electromechanical, or mechanical
contrivance designed, made, and adapted solely for bona fide amusement purposes
if the contrivance rewards the player exclusively with noncash merchandise prizes,
toys, or novelties, or a representation of value redeemable for those items, that have
a wholesale value available from a single play of the game or device of not more
than 10 times the amount charged to play the game or device once or $5, whichever
is less. 


 A plea to the jurisdiction urges that the court lacks the power to determine the
subject matter of the suit. See City of Cleburne v. Trussell, 10 S.W.3d 407, 410 (Tex.
App.--Waco, 2000, no pet.). Because jurisdiction is a question of law, we review the trial
court's ruling on a plea to the jurisdiction de novo. See Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). 

 We will first consider whether there is evidence to support the trial court's implied
finding that appellants have unconstitutionally applied this statute. In his opening
statement, Guy James Gray, the Criminal District Attorney of Jasper County, indicated
that his office respected the legality of 47.01(4)(B) but that after investigation it had not
found any machine in Jasper County that complied. Evidence showed that previously Gray
had written a letter to all merchants who had eight-liners in their businesses, informing
them that the eight-liners were illegal gambling devices. The letter threatened prosecution
and seizure of the machines. Sheriff Rowles indicated that he respects the constitutionality
of both sections 47.01(4)(A) and 47.01(4)(B). Rowles acknowledged that his office began
investigating the eight-liners two and a half years earlier when the attorney general's office
ruled that section 47.01(4)(B) was unconstitutional. He later testified that when letters
were handed out to all merchants with eight-liners it was "our opinion" that all eight-liners are illegal. In order to establish jurisdiction, appellees assert that the statute is being
unconstitutionally applied to them because appellants are threatening to prosecute them and
seize their eight-liners even though they are operating them legally in compliance with the
statute. 

 Appellees also contend that the statute is unconstitutionally vague as applied because
the appellants threatened prosecution of all those with eight-liner machines in their
businesses, without regard to whether they satisfied the exclusion in section 47.01(4)(B). 
Had the Sheriff continued to believe that no machines were legal would have been, in
effect, a complete disregard of the exclusion. The letter from the District Attorney,
delivered by the Sheriff, did indicate that all eight liner machines in Jasper County were
to be seized without any further investigation or inquiry about their actual workings. But,
at the time of the hearing, both the District Attorney and the Sheriff indicated they
recognized the statutory exclusion and would apply it to machines that operated within the
exclusion. Thus, at the time of the hearing, there was no unconstitutional application of
the statute which would irreparably injure appellants' vested property rights. Therefore
no justiciable controversy was raised, and the trial court had no civil jurisdiction over the
matters alleged. Issues one and two are sustained.

 Having found the trial court was without jurisdiction to hear the suit, we need not
consider issues three and four. The temporary injunction is reversed.

 REVERSED AND REMANDED.

 PER CURIAM

Submitted on March 7, 2002

Opinion Delivered August 29, 2002

Do Not Publish


Before Walker, C.J., Burgess and Hill (3), JJ.
1. The temporary injunction ordered appellants from:

 Prosecuting Plaintiffs or initiating forfeiture proceedings against any of the
Plaintiffs' property used legally or operated legally in conformance with Texas
Penal Code 47.01(4)(B).

This was, in essence, nothing more than an order to "follow the law".
2. The temporary injunctions were granted on behalf of Plaia's Incorporated, Bobby
G. Inc., Charles Young d/b/a B & B Novelty Co., Rodney Young d/b/a Ditto's Billiards,
George Yianitsas d/b/a Gulf Coast Novelty Co., John Barnette d/b/a Big B Novelty, Omar
Amusement Co., Inc., Two-Bit Vending, Inc., Steve Hicks and Lisa Hicks d/b/a Hicks
Enterprises, and Coast Industries, Inc., Kevin Wilson d/b/a Dominy's, and H. B. Neal,
d/b/a Neal's.
3. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).