IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00339-CR

 

In re
Kevin Lee Chudej

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Kevin Lee Chudej seeks a writ of
mandamus compelling the trial court to set aside an ex parte order directing
the Department of Criminal Justice to withdraw funds from his inmate trust
account for payment of court costs and fees incurred in connection with his
felony conviction for failure to comply with sex offender registration
requirements.  We will conditionally grant the relief requested.

            This Court has determined that an
inmate must be provided procedural due process (i.e., notice and a
meaningful opportunity to be heard) before issuance of an order directing the
withdrawal of funds from the inmate’s trust account.  See In re Keeling,
227 S.W.3d 391, 393-94 & n.2 (Tex. App.—Waco 2007, orig. proceeding).  “An
order issued without due process is void.”  Id. at 395.

            The State concedes in its response
that “Keeling’s procedural due process requirements have not been met.” 
Thus, the order is void.  Id.

            Therefore, we conditionally grant the
requested writ.  The writ will issue only if Respondent fails to advise this
Court in writing within fourteen days after the date of this opinion that he
has: (1) vacated the December 8, 2005 order directing the Department to
withdraw funds from Chudej’s inmate trust account; and (2) ordered the return
of any funds withdrawn pursuant to that order.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(For the reasons expressed in his note in In re
Martinez, No. 10-07-00299-CR, 2007 WL 4200652, at *1 (Tex. App.—Waco Nov.
28, 2007, orig. proceeding) (Gray, C.J., concurring), Chief Justice Gray would
reconsider In re Keeling.)

Petition conditionally
granted

Opinion delivered and filed
December 5, 2007

Do not publish

[OT06]








 






n style="font-weight: bold">                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-120-98
                                                                                                                
   
O P I N I O N
 
 
      A school district denied children admittance to its schools based on the location of the
children’s residence. The parents sued the seller of the residential property for
misrepresenting the location of that property. Within the same action, the seller sued the
school district for a declaratory judgment. The school district filed a plea to the jurisdiction
which the trial court denied. The school district appealed. We affirm the trial court’s order.
 

Factual Background
      This action stems from the sale of property by Choctaw Properties (Choctaw) to the
Cunningham family upon the alleged representation that the property was located within the
boundaries of the Aledo Independent School District (Aledo). The Cunninghams built a
residence on the property, but their children were denied admittance to Aledo’s schools. The
Cunninghams sued Choctaw for various theories including misrepresentation of the school
district in which the property was located.
      Choctaw filed a third party petition against Aledo alleging the school district was estopped
from denying that the property was within its boundaries and that Aledo breached its
agreement with Choctaw that the children residing on the property would attend Aledo’s
schools. Aledo filed a plea to the jurisdiction which was denied. Aledo now brings this
interlocutory appeal pursuant to the Texas Civil Practice and Remedies Code. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2000).
Applicable Law
      Subject matter jurisdiction is essential to the authority of a court to decide a case. Texas
Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993); Bland Ind. School
Dist. v. Blue, 989 S.W.2d 441, 445 (Tex. App.—Dallas 1999, pet. granted). The petitioner in
a lawsuit must allege facts that affirmatively demonstrate the court’s jurisdiction to hear the
cause of action. Texas Ass’n of Bus., 852 S.W.2d at 446. A plea to the jurisdiction is the
vehicle by which a party contests the trial court’s authority to determine the subject matter of a
cause. Bland, 989 S.W.2d at 445. 
      The trial court must base its decision whether to grant or deny a plea to the jurisdiction
solely on the allegations in the petitioner’s pleadings. Fireman’s Ins. Co. v. Board of Regents
of Univ. of Tex. Sys., 909 S.W.2d 540, 541 (Tex. App.—Austin 1995, writ denied). Where
the pleadings do not affirmatively demonstrate an absence of jurisdiction, a liberal construction
of the pleadings in favor of jurisdiction is appropriate. Continental Coffee Products Co. v.
Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Peek v. Equipment Service Co. of San Antonio,
779 S.W.2d 802, 804 (Tex. 1989). Whether a trial court has subject matter jurisdiction over a
cause is a question of law and is reviewed de novo. Scott v. Prairie View A&M Univ., 7
S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), citing, Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In our de novo review, we also base our
decision on the allegations in the pleadings and accept factual allegations as true. Fireman’s,
909 S.W.2d at 542. However, we are not bound by legal conclusions nor by any illogical
factual conclusions drawn from the facts pled. Id.
      Neither party has raised the propriety of whether it is appropriate to challenge or take an
interlocutory appeal to only some issues or claims rather than the entire case. Traditionally,
sustaining a plea to the jurisdiction requires dismissal of the entire cause of action. See Speer
v. Stover, 685 S.W.2d 22, 23 (Tex. 1985); City of Cleburne v. Trussell, No. 10-99-00287, slip
op. at 4, 2000 WL 38842 *2 (Tex. App.—Waco January 19, 2000, n.p.h.). If the district
court has jurisdiction of any claim as alleged in a reasonable interpretation of the plaintiff’s
petition, then the trial court has jurisdiction of that claim and over that particular defendant;
and an order denying a plea to the jurisdiction should properly be affirmed. City of Cleburne,
slip op. at 4 (the granting of a plea to the jurisdiction on the basis that some of the damages
pled are not recoverable would be erroneous); Blum v. Restland of Dallas, Inc., 971 S.W.2d
546, 549 (Tex. App.—Dallas 1997, no pet.) (because the trial court had jurisdiction over at
least part of the case, denial of plea to the jurisdiction was proper). We believe it does not
serve the legislative purposes for which interlocutory appeals of pleas to the jurisdiction were
allowed to fragment the appeal on less than the entire case against a defendant. In this instance
Aledo has alleged that the district court does not have jurisdiction of any of Choctaw’s claims
against Aledo; thus, the interlocutory appeal is proper. However, if we determine that the trial
court has jurisdiction of any claim, but not all the claims, affirmance of the trial court’s denial
of the plea to the jurisdiction is the proper result.
Pleadings
      In its Second Amended Third Party Petition, Choctaw alleges:
G.
Defendants would show that AISD has collected and accepted ad valorem taxes
on the property (“Property”) that is the subject of this cause of action. This caused
Defendants to believe that the Property was in the Aledo Independent School District’s
boundaries. Defendants relied on this belief to their detriment. AISD is now
estopped to deny that the Property is within its boundaries. Defendants request that
this Court enter a final judgment or decree declaring that the Property is within
AISD’s boundaries and declaring that the school aged children residing at the Property
shall attend AISD schools. Defendants further request that the Court award costs and
reasonable and necessary attorneys (sic) fees as are equitable and just.

H.
 
Defendants would show that prior to April 2, 1996, they have paid ad valorem
taxes on the Property to AISD. By letter dated April 2, 1996, AISD agreed that the
children residing at the Property will attend AISD schools. Now AISD asserts that it
will not allow the children residing at the Property to attend AISD schools. AISD’s
breach of its agreement has proximately caused damages to Defendants and may
continue to cause damages to Defendants in the future. Defendant’s (sic) would
further show they are entitled to an award of attorney’s fees and costs pursuant to
Texas Civil Practice & Remedies Code ann. §38.001 et seq.

In response to Choctaw’s petition, Aledo filed a plea to the jurisdiction, in which it identified
four theories upon which the trial court could determine it did not have subject matter
jurisdiction over Choctaw’s claims. Those four theories were set out as follows:
1. Whether this [trial] Court has jurisdiction to consider Choctaw Properties’
declaratory judgment action because Choctaw Properties has no standing to bring
it.
 
2.Whether this [trial] Court has jurisdiction to consider Choctaw Properties’
declaratory judgment action because the relief requested would not settle all of the
issues among the parties.
 
3.Whether this [trial] Court has jurisdiction to consider Choctaw Properties’
declaratory judgment action because Choctaw Properties is improperly asking the
Court for a determination of fact.
 
4.Whether this [trial] Court has jurisdiction to consider Choctaw Properties’
declaratory judgment action because Choctaw Properties has no contractual
relationship with Aledo ISD.

      Aledo interprets Choctaw’s petition as a suit on behalf of the children living on the
property to require their attendance at Aledo’s schools. Aledo also claims that Choctaw is, in
essence, asking the trial court to transfer the children to Aledo’s schools or change the district
boundaries to include the property so that the children may attend Aledo’s schools. Choctaw
argues that Aledo misconstrues their third party petition. Interpreting the pleadings liberally in
favor of jurisdiction, we agree that Aledo has misconstrued the claims of Choctaw.
Transfer or Swap



      In its first three issues, Aledo contends that the trial court has no jurisdiction over the
cause because Choctaw is requesting a transfer of the children and failed to exhaust its
administrative remedies. In its fourth issue, Aledo claims Choctaw did not exhaust its
administrative remedies through the Texas Education Code to alter the district boundaries or
transfer the children to Aledo’s schools before resorting to the courts for relief. Choctaw
denies they are asking the trial court to either transfer the children or change the district’s
boundaries and thus, had no administrative remedies to exhaust. 
      Reading Choctaw’s petition and taking its factual allegations as true, we do not interpret
the pleadings in the same manner as Aledo. Within the four corners of the petition, we believe
Choctaw is primarily pleading for a determination that: (1) the property is in the Aledo school
district


; (2) that Aledo is estopped from refusing to admit the children into their schools when
it collected taxes on the property; and (3) that Aledo contractually agreed the children resided
in the school district and is breaching that agreement by refusing to allow them to attend
school. 
          A portion of Choctaw’s pleadings could be construed as a request to compel a transfer
or to alter the district boundaries. However, another reasonable construction is that Choctaw
wants a judicial declaration that the property is in Aledo’s district and, alternatively, that Aledo
breached its contract with Choctaw; two claims over which the district court has jurisdiction. 
We will not stretch Choctaw’s pleadings to include an action to compel a transfer of the
children to the Aledo school district or a request for a change in the district’s boundaries. 
          We are obligated to construe the pleadings in favor of jurisdiction. Continental Coffee,
779 S.W.2d at 804. We believe under a reasonable reading of the pleadings, Choctaw has not
limited their requested relief to a transfer or alteration of the district boundary claim. Aledo
cannot prevail on a jurisdictional challenge to a claim for relief that has not been raised by
Choctaw. See Langston v. Eagle Pub. Co., 719 S.W.2d 612, 628 (Tex. App.—Waco 1986,
writ ref’d n.r.e.) (trial court cannot enter, appellate court cannot affirm, summary judgment on
unpled cause of action). The trial court has jurisdiction to declare that the property is in
Aledo’s district and has jurisdiction over a claim for breach of contract. Aledo’s first through
fourth issues are overruled.
Standing
          In its fifth issue, Aledo argues that Choctaw has no standing to bring its third party
action. Aledo assumes that Choctaw is bringing its action on behalf of the Cunningham
children. Again, Aledo gives Choctaw’s pleadings a construction that suits their purposes and
refuses to acknowledge an alternative interpretation that would give the trial court jurisdiction. 
As explained previously, we believe Choctaw has plead for a determination that the property is
in the Aledo school district; that Aledo is estopped from refusing to admit children living on
the property into their schools when it collected taxes from Choctaw on the property; and that
Aledo agreed with Choctaw that the property was in the school district and that children living
there would attend Aledo’s schools, and is breaching that agreement by refusing to allow the
children that live there to attend their school. 
          While a determination that the property is in Aledo may affect where the children go to
school, none of these claims are brought on behalf of any specific child. Because of the suit
against Choctaw over representations regarding where the property was located and which
schools the children living there would attend, Choctaw has an interest in a judicial
determination of whether the property is located in Aledo’s district and for damages if Aledo
made and breached a contract. Aledo cannot reshape Choctaw’s pleadings and then claim a
jurisdictional defect on a cause of action not raised by Choctaw. Its fifth issue is overruled.
Same Parties -- Different Lawsuit
          In its sixth issue, Aledo argues that Choctaw is litigating the same issues in its suit
against Aledo that are being litigated in a separate suit between the Cunninghams and Choctaw,
that being, whether Aledo would permit the children to attend school in Aledo even though
they reside in the Granbury ISD. Aledo claims that because two lawsuits raise the same issues,
declaratory relief is improper. 
          The Texas Supreme Court has suggested that trial courts should decline jurisdiction in a
declaratory judgment action where it would deprive the real plaintiff of the traditional right to
choose the time and place of suit. Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985). 
However, the controversies between the Cunninghams, Choctaw and Aledo are all combined in
one lawsuit, and the real plaintiff is the one who chose the forum. Aledo’s sixth issue is
overruled.
Issues of Fact
          In its seventh issue, Aledo contends the trial court has no jurisdiction over the third
party action because Choctaw improperly asks the trial court to resolve issues of fact in its
request for a declaratory judgment. 
          The purpose of the Uniform Declaratory Judgments Act is to settle and afford relief
from uncertainty and insecurity with respect to rights, status, and other legal relations. Tex.
Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). It is to be liberally construed and
administered. Id. There is no provision in this act which forbids a determination of a fact
question by declaratory judgment. In actuality, the act contemplates the resolution of factual
questions by declaratory judgment. Specifically, Section 37.007 provides:
If a proceeding under this chapter involves the determination of an issue
of fact, the issue may be tried and determined in the same manner as issues of
fact are tried and determined in other civil actions in the court in which the
proceeding is pending.

Tex. Civ. Prac. & Rem. Code Ann. § 37.007 (Vernon 1997). Whether the determination of
a pure fact question may or may not be a proper remedy from a declaratory judgment, is not
jurisdictionally dispositive of the cause of action.


 Aledo’s seventh issue is overruled.
Contractual Relationship
          In its final issue, Aledo claims that the trial court does not have jurisdiction over
Choctaw’s third party action because there is no contractual relationship between Choctaw and
Aledo. Choctaw asserts in its pleadings that there was an agreement between the parties. This
is not an unreasonable factual conclusion from the pleadings, and we must accept it as true for
this proceeding. See Fireman’s, 909 S.W.2d at 542. Neither Aledo’s, nor Choctaw’s
pleadings affirmatively demonstrate lack of jurisdiction to assert a claim for breach of contract,
and we are obligated to construe the pleadings in favor of jurisdiction. See Continental Coffee,
937 S.W.2d at 449. This may be an appropriate claim to dispose of by summary judgment but
not by a plea to the jurisdiction. Aledo’s eighth issue is overruled.
 

Conclusion
          This opinion should not be construed as barring Aledo from reasserting its plea to the
jurisdiction if the claims over which the trial court does have jurisdiction are disposed of by
summary judgment or some other means. Additionally, special exceptions may be necessary to
compel Choctaw to clarify in its pleadings that it is not seeking any relief for which an
administrative remedy is provided and which Choctaw failed to exhaust prior to bringing this
suit. Claims for which there are administrative remedies include a transfer of specific children
or modification of district lines.


 Having overruled all of Aledo’s issues, the trial court’s
denial of Aledo’s plea to the jurisdiction is affirmed.


                                                                       TOM GRAY
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
          Justice Vance (Dissenting opinion)
Affirmed
Opinion delivered and filed March 22, 2000
Publish