Reversed in Part and Dismissed, Affirmed in Part and Remanded, and Majority
and Dissenting Opinions filed February 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00571-CV

___________________

 

Harris County Flood Control District,
Appellant

 

V.

 

Great American Insurance Company,
Appellee



 



 

On
Appeal from the 157th District Court

Harris County,
Texas



Trial Court Cause No. 2008-19859

 



 

 

MAJORITY OPINION

Appellant, Harris County Flood Control District,
appeals from the denial of its plea to the jurisdiction on the claims of
appellee, Great American Insurance Company, for quantum meruit and attorney’s
fees.  Because we conclude that appellant has not waived its immunity relative
to those claims, we reverse and dismiss in part, affirm in part, and remand.

Factual and
Procedural Background

            In July 2002,
appellant entered into a contract for the excavation of flood control
improvements designed to relieve flooding in the Deer Park area of Harris
County with Handex Construction Services, Inc. (“Handex”).  The project
required the excavation and removal of 1,253,500 cubic yards of material from
the project site at a cost of $4,632,808.67.

            In June 2002,
appellee issued the performance bond as surety for the Handex contract.  The
bond provided that if Handex abandoned the project or otherwise failed to
comply with the conditions of the contract, then appellee had the right to
complete the project in conformity with the terms and conditions of the
original contract.

            At a point in
time after it began performing the contract, Handex filed bankruptcy in the
United States District Court for the Middle District of Florida and on March
16, 2006, it abandoned the contract.  Appellee then assumed the obligations
under the contract in late March 2006.  On April 24, 2006, appellant issued a
new purchase order for the project and designated appellee as the completing
contractor for the project.

Appellant issued a certificate of substantial
completion on May 8, 2007, which was approved by the Harris County
Commissioner’s Court on May 15, 2007.  Conflict arose over the amount due
appellee, and when the dispute could not be resolved, appellee initiated this
lawsuit.  In addition to breach of contract, appellee asserted an alternative
quantum meruit claim and also sought attorney’s fees.  Appellant filed a plea
to the jurisdiction and motion for partial summary judgment (“Plea to the
Jurisdiction”), in which it asserted the trial court lacked subject matter
jurisdiction only as to appellee’s quantum meruit and attorney’s fees claims.  When
the trial court denied appellant’s Plea to the Jurisdiction, this accelerated
interlocutory appeal followed.

Discussion

In this appeal, appellant raises two issues
challenging the trial court’s denial of its Plea to the Jurisdiction.  The
first issue addresses appellee’s quantum meruit cause of action, the second,
appellee’s attorney’s fees claim.   In both issues, appellant contends the
trial court erred when it denied appellant’s Plea to the Jurisdiction, arguing
that the Texas legislature has not waived appellant’s immunity from suit.[1]

I.         The Applicable
Law and the Standard of Review

            Government
immunity has two components: immunity from liability and immunity from suit.  Tooke
v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006).  Immunity from suit bars
suit against the entity altogether.  Id.  Immunity from liability bars
enforcement of a judgment against a political subdivision of the State.  Id. 
A governmental entity waives immunity from liability by entering into a
contract and voluntarily binding itself to the terms of the agreement.  Id. 
Even if a governmental entity acknowledges liability on a claim, immunity from
suit bars a remedy until the Legislature consents to suit.  Ben Bolt-Palito
Blanco Consol. Indep. Sch. Dist. v. Political Subdivisions Prop./Casualty Joint
Self-Insurance Fund, 212 S.W.3d 320, 324 (Tex. 2006).  To ensure
legislative control that immunity is not lightly disturbed, that waiver must be
clear and unambiguous.  Id. at 327 (quoting Tex. Gov’t Code Ann. §
311.034 (Vernon 2005)).

A plea to the jurisdiction based on government
immunity challenges the trial court’s subject matter jurisdiction.  State v.
Holland, 221 S.W.3d 639, 642 (Tex. 2007).  Whether a trial court has
subject matter jurisdiction is a question of law.  Id.  Therefore, we
review a challenge to the trial court’s subject matter jurisdiction de novo.  Id. 
In performing this review, an appellate court does not look to the merits of
the case, but considers only the pleadings and evidence relevant to the
jurisdictional inquiry.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).

II.        Quantum Meruit

            In its first
issue, appellant argues the trial court erred in denying its Plea to the
Jurisdiction because it is immune from suit on appellee’s quantum meruit
claim.  In response, appellee asserts section 271.152 of the Local Government
Code waived appellant’s immunity from suit on its quantum meruit cause of
action.

            We have previously
addressed this issue.  In City of Houston v. Petroleum Traders Corp., we
held that while section 271.152 waived governmental immunity for breach of
contract causes of action, it does not apply to quantum meruit claims.  City
of Houston v. Petroleum Traders Corp., 261 S.W.3d 350, 359–60 (Tex.
App.—Houston [14th Dist.] 2008, rule 53.7(f) motion granted) (citing City of
Houston v. Swinerton Builders, Inc., 233 S.W.3d 4, 12–13 (Tex.
App.—Houston [1st Dist.] 2007, no pet.)).  Accordingly we sustain appellant’s
first issue on appeal.

III.      Attorney’s Fees

            In its second
issue, appellant challenges the trial court’s denial of its Plea to the
Jurisdiction on appellee’s attorney’s fees claim.  In response, appellee argues
appellant’s immunity from suit has been waived by two statutes: (1) sections
271.152[2]
and 271.153(a)(3)[3]
of the Local Government Code; and (2) section 2251.043 of the Texas Government
Code (“Prompt Pay Act”).[4] 
We address each statute in turn.

            A.        Local
Government Code

            Appellee contends
it is entitled to an award of its reasonable and necessary attorney’s fees
because, in 2009, the Legislature added section 271.153(a)(3) to the Local
Government Code and repealed section 271.159.[5] 
We conclude appellee’s reliance on the 2009 addition of section 271.153(a)(3)
and repeal of section 271.159 is misplaced.

Prior to the 2009 legislative session, section
271.153 of the Local Government Code did not mention attorney’s fees.  However,
section 271.159 permitted the prevailing party to recover its reasonable and
necessary attorney’s fees if a written agreement authorized their recovery and
specifically referenced section 271.159.  During the 2009 legislative session,
section 271.153(a) was amended to add that a plaintiff could recover reasonable
and necessary attorney’s fees that are equitable and just.  Act of May 31,
2009, 81st Leg., R.S., ch. 1266, § 8, 2009 Tex. Gen. Laws 4006,
4007.  In addition, section 271.159 was repealed.  Act of May 31, 2009, 81st
Leg., R.S., ch. 1266, § 16, 2009 Tex. Gen. Laws 4006, 4008.  However, the
amendment to section 271.153(a) took effect on June 19, 2009 and only applies
to contracts executed after that date.  Tex. Loc. Gov’t Code Ann. § 271.153
(Vernon Supp. 2009).  Because the contracts at issue here were executed long
before June 19, 2009, the amended section 271.153(a)(3) does not apply. 
Instead, the repealed section 271.159 still controls the issue of attorney’s
fees in this case.  See id. (“A claim that arises under a contract
executed before the effective date of this Act is governed by the law as it
existed immediately before the effective date of this Act, and that law is
continued in effect for that purpose.”).  Because it is undisputed that the
contracts at issue do not provide for recovery of the prevailing party’s
attorney’s fees, section 271.159 does not waive appellant’s immunity from suit
as to attorney’s fees.

            B.        Prompt
Pay Act

            Appellee’s
reliance on section 2251.043 of the Prompt Pay Act is similarly misplaced.  The
Dallas Court of Appeals recently addressed this issue and determined that the
Prompt Pay Act does not waive immunity from suit for attorney’s fees.  McMahon
Contracting, L.P. v. City of Carrolton, 277 S.W.3d 458, 465 (Tex.
App.—Dallas 2009, pet. denied).  As part of its analysis, the Dallas Court of
Appeals distinguished State v. Mid-South Pavers, Inc., 246 S.W.3d 711
(Tex. App.—Austin 2007, no pet.), the case appellee cites in support of its
contention appellant’s immunity from suit has been waived, because it involved
a suit against the Texas Department of Transportation “pursuant to a written
contract and under authority of specific provisions of the transportation code
providing for resolution of a ‘claim arising under a contract.’”  McMahon
Contracting, 277 S.W.3d at 466.  We agree with the Dallas Court of Appeals’
analysis and hold that section 2251.043 does not provide a clear and
unambiguous waiver of appellant’s immunity from suit for appellee’s attorney’s
fee claim.  We sustain appellant’s second issue.

Conclusion

            

            Having sustained
appellant’s issues, we reverse the trial court’s denial of appellant’s Plea to
the Jurisdiction on appellee’s quantum meruit and attorney’s fees claims and
render judgment dismissing those causes of action.  We remand this case to the
trial court for further proceedings consistent with this opinion.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Senior Justice Mirabal.[6](Mirabal, J. dissenting.)

 









[1] In its response brief,
appellee argues this court does not have jurisdiction to hear this
interlocutory appeal because appellant did not assert governmental immunity as
a bar to the entire case.  Appellee cites two cases in support of this
argument: Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985) and City of
Cleburne v. Trussell, 10 S.W.3d 407, 410 (Tex. App.—Waco 2000, no pet.). 
These cases stand for the proposition that “the granting of a plea to the
jurisdiction on the basis that some of the damages pled are not
recoverable would be erroneous.”  City of Cleburne, 10 S.W.3d at 410
(emphasis in original).  However, this line of cases has been overruled by the
Texas Supreme Court in Thomas v. Long, 207 S.W.3d 334, 339 (Tex. 2006).
In Thomas, the Texas Supreme Court held “[a] trial court is not required
to deny an otherwise meritorious plea to the jurisdiction or motion for summary
judgment based on a jurisdictional challenge concerning some claims because the
trial court has jurisdiction over other claims.”  Id.  To be entitled to
an interlocutory appeal, all section 51.014(a)(8) of the Civil Practice &
Remedies Code requires is the denial of a jurisdictional challenge.  Id.
at 340.  We conclude that we have jurisdiction to hear this appeal. 





[2] Local Government Code,
section 271.152 provides: 

A local governmental entity
that is authorized by statute or the constitution to enter into a contract and
that enters into a contract subject to this subchapter waives sovereign
immunity to suit for the purpose of adjudicating a claim for breach of the
contract, subject to the terms and conditions of this subchapter.

Tex.
Loc. Gov’t Code Ann. § 271.152 (Vernon 2005).





[3] Local Government Code
section 271.153(a)(3), as cited by appellee, provides: “The total amount of
money awarded in an adjudication brought against a local governmental entity
for breach of a contract subject to this subchapter is limited to the
following: (3) reasonable and necessary attorney’s fees that are equitable and
just.”  Tex. Loc. Gov’t Code Ann. § 271.153(a)(3) (Vernon Supp. 2009).





[4] Section 2251.043 of the
Government Code provides: “In a formal administrative or judicial action to
collect an invoice payment or interest due under this chapter, the opposing
party, which may be the governmental entity or the vendor, shall pay the
reasonable attorney fees of the prevailing party.”  Tex. Gov’t Code Ann. § 2251.043 (Vernon 2008).





[5] Local Government Code
section 271.159 provides:

Attorney’s fees incurred by
a local governmental entity or any other party in the adjudication of a claim
by or against a local governmental entity shall not be awarded to any party in
the adjudication unless the local governmental entity has entered into a
written agreement that expressly authorizes the prevailing party in the
adjudication to recover its reasonable and necessary attorney’s fees by
specific reference to this section.

Tex. Loc. Gov’t Code Ann. § 271.159 (Vernon 2005 ).





[6] Senior Justice Margaret Garner
Mirabal sitting by assignment.