**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20604
Summary Calendar

DAVID T. LOPEZ, Individually and for the
Benefit of GALA D. MITCHELL,

Plaintiff-Appellant,

versus

HOUSTON INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas,
Houston Division
02-CV-4965

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David T. Lopez appeals the district court's dismissal of his lawsuit for lack of jurisdiction. We AFFIRM.

Lopez represented Gala D. Mitchell in her dispute with her current employer, Houston Independent School District (HISD). The parties went through a mediation process and ultimately resolved their conflict. Mitchell received a new, higher paying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

position with HISD without ever resorting to litigation. Lopez requested attorneys' fees pursuant to 42 U.S.C. § 12205, arguing under the "catalyst theory" that his litigation threats and assistance in the negotiations entitled him to fees. HISD rejected this claim. Lopez then filed suit himself in district court seeking attorneys' fees.[1] The district court adopted the magistrate judge's memorandum and recommendation, which held that Lopez, having failed to file any lawsuit or institute any administrative proceeding whatsoever under the Americans with Disabilities Act (ADA) on behalf of his client, lacks any claim to attorneys' fees under that law.

Lopez appeals to this court. We affirm based on the district court's well-reasoned opinion (and the thorough memorandum and recommendation of the magistrate judge). Specifically, we agree that Lopez lacks standing to sue solely for attorneys' fees. The relevant provision of the ADA permits a "prevailing party" to secure attorneys' fees. 42 U.S.C. § 12205. Lopez is not a "prevailing party" in any litigation with HISD; his client, Mitchell, is not part of the instant suit. Lopez thus lacks the requisite "personal injury" to have standing in federal court. See Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82

---

[1] Mitchell was not a party in the district court. Lopez's effort to include her as a party on appeal is unavailing. See Marino v. Ortiz, 484 U.S. 301, 304, 108 S. Ct. 586, 587, 98 L.Ed.2d 629 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

L.Ed.2d 556, (1984). Alternatively, under recent Supreme Court precedent, even if Lopez had standing, he cannot recover attorneys' fees under the statute in question through his conduct in this case, which never resulted in the filing of any lawsuit or administrative action. <u>See</u> <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840, 149 L.Ed.2d 855 (2001) ("[Supreme Court] precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees <u>without</u> a corresponding alteration in the legal relationship of the parties." (emphasis in original)); <u>see also</u> <u>North Carolina Dep't of Transp. v. Crest St. Community Council</u>, 479 U.S. 6, 107 S. Ct. 336, 93 L.Ed.2d 188 (1986).

The judgment of the district court is **AFFIRMED**. All costs shall be borne by Appellant.