**TEXAS A & M UNIVERSITY,**
Appellant,

v.

**Bryan Glen HOLE, et al., Appellees.**

No. 10–04–00287–CV.

Court of Appeals of Texas,
Waco.

April 26, 2006.

Opinion Overruling Rehearing
July 19, 2006.

Russ W. Harris, Asst. Atty. Gen., Austin, for appellant.

Ronald G. Hole, Hole & Alvarez, LLP, McAllen, W. Brandon Baade, Quitman, Thomas O. Matlock, Jr., College Station, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant, Texas A & M University (TAMU), brings this appeal contesting the trial court's judgment in favor of Appellees. We will vacate the judgment of the trial court and dismiss the case.

### Background

In October 2002, a student reported hazing in the Parsons Mounted Cavalry (PMC), a unit within the university's Corps of Cadets. The university initiated disciplinary action for the misconduct in April 2003. Before his hearing with TAMU officials, Plaintiff Eric Gonzalez filed a petition seeking a Temporary Restraining Order (TRO) which the trial court granted.

The trial court issued an additional TRO which stopped all PMC-related hearings, all university appellate proceedings, and the enforcement of any sanctions already assessed. This order was entered before TAMU initiated disciplinary action for some students and before any student exhausted the university's appellate process.

Additional students filed suit and the actions were consolidated with the Gonzalez suit. Eventually, twenty-three plaintiffs sought relief from the trial court in the form of a permanent injunction enjoining TAMU from continuing with the student-disciplinary process and a declaration under the Uniform Declaratory Judgments Act as to provisions of the Student Conduct Code, Student Rules, and student-disciplinary process. The final judgment, among other things, permanently enjoined TAMU from enforcing the sanctions previously assessed against the plaintiffs by the university and pursuing any disciplinary action against the students for conduct that occurred prior to October 2002.

TAMU presents five issues for review. It first challenges the jurisdiction of the trial court.

### Ripeness

■ Ripeness is a threshold issue that implicates subject-matter jurisdiction and emphasizes the need for a concrete injury. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex.1998). Under the ripeness doctrine, we consider whether, *at the time a lawsuit is filed*, the facts are sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex.2000) (citing *Patterson*, 971

S.W.2d at 442). By focusing on the concrete injury, the ripeness doctrine allows courts to avoid premature adjudication, and serves the constitutional interests in prohibiting advisory opinions. *Id.* Because the plaintiffs had not yet completed the university's disciplinary process, they did not have a concrete injury and the case was not ripe for adjudication.

■ Seeking a declaration of rights under the Uniform Declaratory Judgments Act is not sufficient to avoid the ripeness doctrine. This act is merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993).

Because plaintiffs' claims were not ripe, the trial court lacked subject-matter jurisdiction.[1] *Patterson*, 971 S.W.2d at 442.

Having determined that the trial court lacked jurisdiction, we need not decide the remaining issues.

### Conclusion

For the reasons stated, we vacate the trial court's judgment and dismiss the case. TEX. R. APP. P. 43.2(e).

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Because we will be only a relay station in the procedural history of this proceeding, I will be brief, very brief. In general, I agree that the students do not have a claim that is yet ripe for judicial review. The problem is there are some real, that means presently existing, disputes and

---

1. Courts should tread lightly in fashioning remedies for due process violations that affect the academic decisions of state-supported universities. *Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 934 (Tex.1995).

questions about what Texas A & M University's procedures are for the imposition of discipline and internal review thereof. I believe that a determination of those disputes is appropriate under the Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001 et seq. (Vernon 1997 & Supp.2005). *See e.g. Tex. Mun. Power Agency v. PUC,* 100 S.W.3d 510, 515–16 (Tex.App.-Austin 2003, pet. denied). Thus, we cannot use a judicial sledgehammer to crush the entirety of the claims made by the students. Rather, we must approach the issues as a surgeon, carefully separating the issues between those claims involving a declaration of the rights and duties of the parties from what the application of those rights and duties will or can yield. Accordingly, I respectfully dissent from the Court's determination and judgment that there are currently no issues that are appropriate for a determination and declaration of rights and the resulting dismissal of the entire case.

## OPINION ON REHEARING

BILL VANCE, Justice.

Appellees' motion for rehearing urges us to reconsider our opinion because the due process claims of at least one student, Michael Garza, were ripe. They also claim that the declarations sought pursuant to the Uniform Declaratory Judgment Act are separate and distinct claims and not sought simply to avoid the ripeness doctrine.

Texas A & M University argues that we correctly dismissed Garza's claims as unripe because he chose not to contest his punishment through the university appellate process.[1] The University forcefully argues that to allow a student to avoid the

disciplinary process and then challenge it in court undermines the ripeness doctrine by allowing a court to engage in abstract disagreements and to interfere with a decision before "it has been formalized and its effects felt in a concrete way." *See Patterson v. Planned Parenthood of Houston and S.E. Tex., Inc.,* 971 S.W.2d 439, 443 (Tex.1998).

TAMU further argues that, in evaluating ripeness of a declaratory judgment claim, courts apply the general principles of ripeness, not a relaxed notion of the ripeness doctrine. It maintains that this court properly found Appellees' claims were not ripe for adjudication because, by avoiding the University's appellate process, necessary facts were not developed and the outcome of the disciplinary process remains uncertain.

We agree with TAMU. Because Michael Garza, like the other plaintiffs, did not complete the university disciplinary process, his due process claims are not ripe for adjudication. We deny Appellees' motion for rehearing.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting on rehearing.

For the reasons expressed in my original dissenting opinion, I would grant the motion for rehearing by conducting a detailed review of each of the issues which present a current dispute between A & M and the students regarding A & M's efforts to impose discipline on the students.

Accordingly, I respectfully dissent from the opinion on rehearing which continues to refuse to address the merits of the existing controversies between the parties over their rights, responsibilities, and

---

1. The University also asserts that Garza's claims are moot because at the time of final judgment, Garza had voluntarily withdrawn from school and has now served a longer suspension than required.

duties in respect to the disciplinary proceedings.