# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2010

No. 09-40311

Charles R. Fulbruge III
Clerk

BRYAN G. HOLE; ERIC E. GONZALEZ,

Plaintiffs–Appellants

v.

TEXAS A&M UNIVERSITY; ROBERT GATES; DAVID PARROT; MICHAEL
COLLINS; LAURA SOSH-LIGHTSY; JACQUIE VARGAS,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 1:04-CV-00175

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Bryan G. Hole and Eric E. Gonzalez voluntarily incurred attorney's fees and costs in a state court action which they initiated and eventually lost. Now, Appellants argue that these attorney's fees and costs are sufficient to establish injury under 42 U.S.C. § 1983. We disagree. Further, we find that Appellants do not sufficiently allege any injury other than attorney's

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40311

fees and costs, and do not have access to attorney's fees under 42 U.S.C. § 1988. Accordingly, we AFFIRM the district court's dismissal of their claims.

## I. BACKGROUND

The Parsons Mounted Cavalry ("PMC") is a student organization at Texas A&M University ("TAMU"). Appellees, which include TAMU and several of its officers, received a complaint that PMC members were hazing recruits. Appellees initiated disciplinary proceedings against numerous PMC members, including Appellants. Before Appellees completed any disciplinary hearings, Appellants and others filed suit in state court, alleging constitutional violations. The state court enjoined Appellees from pursuing disciplinary actions against Appellants or enforcing any sanctions previously assessed. Later, the state court issued a judgment in Appellants' favor.

Appellees appealed to the Texas Court of Appeals, which reversed on the ground that Appellants' suit was not yet ripe. *Tex. A&M Univ. v. Hole*, 194 S.W.3d 591, 593 (Tex. App.—Waco 2006, pet. denied). The Texas Court of Appeals reasoned that because no Appellant had actually completed TAMU's disciplinary process, there was no legally-cognizable injury. *Id.* The Supreme Court of Texas declined to review the case. *Hole v. Tex. A&M Univ.,* No. 10-04-00287-CV, 2007 Tex. LEXIS 173, at *1 (Tex. Feb. 23, 2007).

After the state trial court ruled in Appellants' favor, but before the Texas Court of Appeals reversed, Appellants filed suit in the United States District Court for the Southern District of Texas, seeking injunctive relief under § 1983, compensatory damages under § 1988 including attorney's fees and expenses, and declaratory relief under 28 U.S.C. § 2201. The district court stayed proceedings pending the outcome of the state court appeal.

After the Texas Court of Appeals reversed the state trial court's ruling, the district court resumed its proceedings. Appellees filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which the district

court granted.  The district court reasoned that "the dispute between the parties . . . never ripened into an actual case or controversy because [Appellants] did not suffer an injury-in-fact from [Appellees'] complained-of conduct."  *Hole v. Tex. A&M Univ.*, No. 4-175, slip op. at 4 (S.D. Tex. Feb. 10, 2009).  The district court noted that the combination of Appellants' graduations from TAMU and the Texas Court of Appeals' dismissal of Appellants' suit rendered moot any injunctive or declaratory relief.  *Id.*  Further, the district court stated that because Appellants did not  prevail in the state court action, they were not permitted to receive attorney's fees under § 1988.  *Id.*

Appellants appeal only the district court's finding that there was no injury.

## II.  ANALYSIS

We have jurisdiction over an appeal of the district court's final ruling under 28 U.S.C. § 1291.  We review *de novo* a Rule 12(c) motion for judgment on the pleadings.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  To survive a Rule 12(c) motion, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (stating that the standard for a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has failed to show that he "is entitled to relief," and dismissal is appropriate.  *Iqbal*, 129 S. Ct. at 1950.

As an initial matter, Appellees argue that Appellants waived their right to challenge the district court's ruling on mootness and ripeness because Appellants stated that they were only appealing the district court's conclusion that they did not allege a legally-cognizable injury under § 1983.  It is true that

No. 09-40311

Appellants said they were only appealing the district court's decision that they did not state a claim under § 1983, but ripeness and mootness are related to this determination. Thus, Appellants did not waive their right to challenge the district court's ruling on these issues.

## A.    Whether Appellants' Attorney's Fees and Costs Constitute a Legally-Cognizable Injury under § 1983

To have standing under § 1983, a plaintiff must suffer a legally-cognizable injury. *See*, *e.g.*, *Allen v. Wright*, 468 U.S. 737, 751 (1984). Here, the district court found that Appellants' state court attorney's fees and costs do not constitute a legally-cognizable injury. We agree.

Appellants argue that the cases the district court relies on—*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) and *Lopez v. Houston Independent School District*, 124 F. App'x 234 (5th Cir. 2005) (per curiam)—are distinguishable. It is true that these cases are not entirely on point factually. In *Steel*, the petition sought costs and attorneys fees incurred in the "prosecution *of this matter*," 523 U.S. at 105 (emphasis added), while in the instant case Appellants argue that their injury stems from attorney's fees incurred in the state action. Likewise, in *Lopez*, the federal court plaintiff was the attorney for the state court plaintiff, 124 F. App'x at 235–36, while here the federal court plaintiffs were the plaintiffs in state court.

Although factually distinct, *Steel* and *Lopez* inform the general principle that a party who voluntarily initiates litigation and does not win a judgment, cannot then sue to recover attorney's fees as a compensable injury. *See Steel*, 523 U.S. at 86 ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit."); *Lopez*, 124 F. App'x at 236 (explaining that attorney's fees incurred by a party who did not win the underlying suit are not a legally-cognizable injury). "[T]he mere fact that continued adjudication would provide a remedy for an injury that is only a

4

byproduct of the suit itself does not mean that the injury is cognizable under Art. III." *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986).

In addition, Appellants argue that the threat of disciplinary sanctions left them no choice but to sue. Appellants' argument assumes that Appellees' disciplinary process would inevitably have led to sanctions, and that these sanctions would have violated Appellants' constitutional rights. This argument is speculative, and we do not accept it as true.

**B.    Whether Appellants Allege Damages other than Attorney's Fees and Costs**

In their Amended Complaint, Appellants allege that "[a]s a result of [Appellees'] conduct and actions, [Appellants] suffered damages. Such damages include the attorneys' fees and expenses that were incurred by [Appellants] to protect their constitutional rights." Now, Appellants argue that the word "include" is intended to indicate that the attorney's fees and expenses were not an exhaustive list of their damages. Although the Amended Complaint hints at other damages—injuries to Appellants' reputations, liberty interests, and educations—these hints do not reach the level of specificity required in a complaint. *Iqbal*, 129 S. Ct. at 1950. Accordingly, Appellants fail to allege sufficiently any cognizable damages.

**C.    Whether Appellants May Recover Attorney's Fees under § 1988**

Under § 1988, a party that wants to recover attorney's fees incurred in a prior proceeding must have prevailed in that proceeding. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce [§ 1983] a court, in its discretion, may allow the *prevailing party* . . . a reasonable attorney's fee as part of the costs . . . .") (emphasis added); *Castellano v. Fragozo*, 311 F.3d 689, 711 (5th Cir. 2002), *reh'g granted*, 321 F.3d 1202 (5th Cir. 2003). To be a prevailing party under § 1988, a plaintiff must obtain actual relief, such as an enforceable judgment. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Here, Appellants did not

obtain actual relief. Although the state trial court granted Appellants injunctive relief and ruled in their favor, the Texas Court of Appeals reversed. Thus, Appellants do not have an enforceable judgment, are not the prevailing party, and do not have access to attorney's fees under § 1988.

### III.  CONCLUSION

Appellants' state court attorney's fees and costs do not constitute sufficient injury to establish standing under § 1983. Further, Appellants do not sufficiently allege any injury other than their state court attorney's fees and costs. Finally, Appellants do not have access to attorney's fees under § 1988 because they did not prevail in state court. Accordingly, we AFFIRM the district court's ruling.